**Roger Dale SLEDGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1214–95.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 10, 1997.

Robert Ford, Fort Worth, for appellant.

M. Susan Goggan, Asst. Dist. Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for the State.

Before the court en banc.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

KELLER, Judge.

Appellant has presented the issue in this case as involving a clash between the right to

indictment by grand jury and the "on or about" pleading convention often used in cases involving sexual assault of a child. According to appellant, the question is whether the State may obtain a conviction by proof of a different act from the act upon which the grand jury indicted—indeed by proof of an act which the State has labeled "extraneous." An examination of the record, however, reveals that absolutely nothing exceptional happened in this case. The record supports neither Appellant's account of the facts, nor his allegations of constitutional wrongdoing.

A grand jury indicted appellant for the offenses of aggravated sexual assault and indecency with a child pursuant to sections 22.021 and 21.11 of the Texas Penal Code.[1] The two-count indictment alleged that the offenses were committed in Tarrant County on or about August 31, 1988. Appellant waived trial by jury, and was subsequently convicted and sentenced to thirty and twenty years imprisonment respectively. The Second Court of Appeals affirmed the conviction. *Sledge v. State,* 903 S.W.2d 105 (Tex.App.—Fort Worth 1995). We granted appellant's petition for discretionary review upon his claim that the trial court convicted him of conduct that did not appear in the indictment.[2] We will affirm.

## I.

The record establishes that the indictment charged appellant with aggravated sexual assault and indecency with a child, alleging that the offenses occurred on or about August 31, 1988. Appellant filed a "Request for Notice of State's Intention to Introduce Evidence of

Other Crimes, Wrongs, and Acts." *See* Tex. R.Crim. Evid. 404(b). The State filed its response to the extraneous offense motion, listing several instances of sexual abuse. At a pre-trial hearing on the motion, the State revealed that the conduct of appellant towards the victim had been continuous over several years. Appellant requested that the State elect the specific incidents for which it would seek conviction.

The State orally, in open court, informed the court and appellant that it would proceed on two specifically described episodes which occurred when the child was ten and eleven, because those incidents were most clear in her mind. The first episode was described by the prosecutor as an incident in which appellant undressed the child, laid her on her stomach, rubbed Vaseline on her anus and, among other things, attempted to penetrate her anally. In the second incident, appellant forced the victim to watch a pornographic movie with him and re-enact the scenes. During that episode appellant made the victim touch his penis and masturbate him, and he fondled her breasts.

The State explained that it had used the August 31, 1988 date in the indictment because "it was the last date that the defendant had contact with the victim." The State argued that it could proceed on the two offenses because they fell within the ten year statute of limitation from the August 31, 1988 date. *See* art. 21.02.[3] Over appellant's objection, the court stated that it would allow the State to introduce evidence of the two offenses elected[4] at the pretrial hearing be-

---

1. It should be noted that the judgment in this case reflects that appellant was convicted in count one of aggravated sexual assault and, in count two, of sexual assault. It is clear from the record, however, that appellant was convicted in count two of indecency with a child, not sexual assault.

2. Specifically, we granted the following grounds for review:

(1) Did the court of appeals err in holding that TEX. CODE CRIM. PROC. ANN art. 21.02 (Vernon 1989) allows the State to convict a defendant based on an extraneous offense identified through a pretrial 404(b) motion? (1A) Did the court of appeals, sub silentio, extinguish the concept of extraneous offenses in the state of Texas?

(3) Did the court of appeals err in holding that art. 21.02 takes precedence over Art. I, § 10 of the Texas Constitution? (3A) did the court of appeals err in holding that the petitioner's due process rights were not violated when the petitioner's convictions rest on unindicted extraneous acts?

3. All references to articles refer to the Texas Code of Criminal Procedure unless otherwise indicated.

4. An "election" is more commonly understood to take place *after* the evidence is presented, and confusion is avoided by restricting the use of the term to those situations in which the State, after the evidence is presented, chooses a particular act upon which to seek conviction.

cause they fell within the ten year statute of limitation. The court then commented on the lack of notice that this presented to appellant and, in an effort to remedy the situation, granted him a continuance in order to prepare a defense based on the designated offenses.

At trial, the State introduced evidence concerning only the two transactions it specified at the pre-trial hearing, proving that the alleged conduct occurred in 1986 and 1987. Appellant moved for an instructed verdict claiming that the State failed to prove its case because the incidents did not happen on or about August 31, 1988, as alleged in the indictment. Therefore, appellant argued, the offenses alleged in the indictment were distinct from those proven at trial. The trial court disagreed with appellant's contention, overruled his motion for instructed verdict, and convicted appellant of the indicted offenses.

## II.

On appeal, appellant challenged the legal sufficiency of the evidence based on his notion that, due to the discrepancies in the dates, the conduct proven at trial was extraneous to the conduct alleged in the indictment. The Second Court of Appeals stated that appellant was "entitled to know what specific act of misconduct [he] was required to defend against." *Sledge*, 903 S.W.2d at 106. The court further explained that in cases involving more than one act of sexual misconduct against a child, the State must, upon proper request, choose the misconduct for which it will seek a conviction. *Sledge*, 903 S.W.2d at 106, citing *Crawford v. State*, 696 S.W.2d 903, 905 (Tex.Crim.App.1985).[5] With those parameters in mind, the court found that, at the pretrial hearing, "the State

elected two specific transactions upon which to proceed" and "[t]he State clearly informed the defense that those alleged offenses occurred two or three years prior to the date alleged in the indictment and involved two separate events." *Sledge* 903 S.W.2d at 108. The Court of Appeals concluded that "the evidence was sufficiently limited to those transactions described by the State" at the pre-trial hearing. *Id.* at 109. The court went on to hold that the evidence was clearly sufficient to sustain appellant's conviction. *Id.*

## III.

In appellant's first ground for review, he asserts that the Court of Appeals erred in holding that article 21.02 allows the State to convict a defendant based on unindicted,[6] extraneous offenses identified as such through a pre-trial Rule 404(b) motion. He contends that the conduct proven at trial was extraneous because it happened in 1986 and 1987 rather than "on or about August 31, 1988" as alleged in the indictment. He claims that the allegation in the indictment related to a specific act that occurred in August, 1988. Appellant recognizes that the "on or about" language is construed broadly under art. 21.02, but argues that it should not be interpreted to include extraneous offenses. Appellant opines that the phrase "on or about" allows the State to bypass extraneous offense law and the requirement that a conviction be based on an indictment.[7] Appellant asserts that by affirming the trial court, the Court of Appeals has condoned a conviction upon unindicted, extraneous offenses.

## IV.

■ This Court has held that the State need not allege a specific date in an indict-

---

5. *Crawford* held that the State must, on request, make an election *after* the evidence is presented.

6. Appellant claims in his brief to this Court that, "... the State specifically stated, *supra,* that the prosecution in this case would proceed on an unindicted count." *Brief on petition for discretionary review* at p. 9. This simply is not true. "Unindicted" is *appellant's* characterization of the count, and the State neither "specifically stated" nor conceded that the counts were "unindicted."

7. Article I, § 10 of the Texas Constitution and the Fifth Amendment to the United States Constitution require that before trying a defendant for a felony, the State must first present the accusation to a grand jury. If the grand jury votes a true bill, it returns an indictment accusing the person named in the indictment of some offense. This concept is codified in Texas in article 1.05 of the Texas Code of Criminal Procedure.

ment. *Mitchell v. State,* 168 Tex.Crim. 606, 330 S.W.2d 459, 462 (1959). It is well settled that the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period. *See* art. 21.02(6); *Scoggan v. State,* 799 S.W.2d 679, 680 n. 3 (Tex.Crim.App.1990) ("[t]he State is not bound by the date alleged in the indictment ... so long as the date proved is a date anterior to the presentment of indictment and the crime's occurrence is not so remote as to be barred by limitation."); Thomas v. State, 753 S.W.2d 688, 692 (Tex.Crim.App. 1988) ("[w]here an indictment alleges that some relevant event transpired 'on or about' a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory period of limitations.")

In the instant case, the dates of the offenses proven—1986 and 1987—are anterior to the presentation of the indictment on December 5, 1989, and are within the ten year limitation period. *See* art. 12.01(2)(D). Therefore under this Court's construction of art. 21.02, it was allowable for the State to proceed on events that occurred in 1986 and 1987, even though the indictment alleged that the offenses occurred "on or about August 31, 1988."

■ Appellant argues that, nevertheless, under cases like those cited above, the State can ignore the constitutional requirement of grand jury indictment by proceeding on an offense of which the grand jury may not have heard evidence. There is, however, in this case no evidence that the testimony presented to the grand jury related to offenses other than those proven at trial.[8] Contrary to appellant's claim, it does not appear that there was an act that occurred in August of

1988, which was the subject of the grand jury's true bill. Instead, the State picked the August, 1988 *date* solely because it was the last date appellant had contact with the child. In fact, the prosecutor said, "[T]here's two offenses alleged and we intend to go on both of those offenses." The clear implication is that the offenses alleged in the indictment were the same as the offenses designated pre-trial and then later proven at trial. Appellant's argument that the State obtained a conviction on unindicted offenses thus fails because there is, in this case, no reason to believe that the offenses presented to the grand jury were different from the offenses proven at trial.

■ The second aspect of appellant's claim is that the offenses proved were "extraneous" because the State denominated them as such in its R. 404(b) notice. In support of this contention, Appellant asserts that the same conduct alleged in the indictment appears under the heading "Extraneous Offenses" in the notice. He argues that because the State labeled the conduct "extraneous" it necessarily *was* extraneous and by definition could not qualify as the offenses for which appellant was charged. We disagree.

Labeling an offense "extraneous" for purposes of notice does not transform the character of the offense. But in this case, there is another reason appellant's argument is not persuasive.

The R.404(b) notice lists seven episodes of misconduct. Those episodes designated in the notice as (2) and (3) are clearly the episodes which were described at the pre-trial hearing. Although those two episodes are the same episodes upon which appellant was convicted, the specific *acts* alleged in the indictment—digital penetration of R.C.'s sexual organ and fondling of R.C.'s breasts—are

8. Judge Meyers' dissent argues that in order to comply with our constitution, the State is required to prove that an offense occurred within a few days of the date alleged in the indictment. This is, of course, contrary to well-established law on the matter. Furthermore, such an interpretation of the constitutional provision would render prosecutions for offenses against children a virtual impossibility—it is not often that a child knows, even within a few days, the date that she

was sexually assaulted. And, the younger the child, the greater the possibility that her abuser could never be convicted. In this case, for instance, the child victim was repeatedly sexually assaulted over a period of seven years, but she never could name an exact date of any of the offenses. If we were to adopt the reasoning of the dissent, appellant would be immune from conviction..

*not* listed in the R. 404(b) notice. That is to say, appellant committed, on each of the two dates, a number of sexual offenses against the child. Of these acts, the State listed one (for each date) in the indictment; only the remaining acts were listed in the R. 404(b) notice. The first count of indictment alleged digital penetration of R.C.'s sexual organ, but incident number (2) of the R. 404(b) notice alleged only anal penetration. The second count of the indictment alleged sexual contact by touching the breast, but incident number (3) of the R. 404(b) notice contained no allegations of breast contact. As to each of the two episodes, the State listed the uncharged acts, but not the charged acts, in the R. 404(b) notice. Appellant's argument fails because the facts do not support his claim that the conduct for which he was convicted was labeled "extraneous" by the State.[9]

Appellant grounds for review are overruled. The judgments of the courts below are AFFIRMED.

MANSFIELD, Judge, concurring.

Appellant was indicted on two counts for the offenses of aggravated sexual assault and indecency with a child. Tex. Penal Code Sections 22.021 and 21.11. Appellant waived a trial by jury. The court found appellant guilty of both charges and sentenced him to thirty years and twenty years imprisonment, respectively. Appellant's conviction was affirmed by the Second Court of Appeals. *Sledge v. State,* 903 S.W.2d 105 (Tex.App.—Fort Worth 1995).

This Court granted appellant's petition for discretionary review to consider the following four grounds for review:

(1) Did the court of appeals err in holding Texas Code of Criminal Procedure article 21.02 (1989) allows the State to convict a defendant based on an extraneous offense identified through a pretrial 404(b) motion?

(1a) Did the court of appeals, *sub silentio,* extinguish the concept of extraneous offenses in the State of Texas?

(3) Did the court of appeals err in holding that article 21.02 takes precedence of Article I, Section 10 of the Texas Constitution?

(3a) Did the court of appeals err in holding that the petitioner's due process rights were not violated when the petitioner's convictions rest on unindicted extraneous acts?

In *Arcila v. State,* 834 S.W.2d 357 (Tex. Crim.App.1992), we held that we shall defer to the court of appeals where its judgment is supported by the record evidence and it appears the court of appeals has discharged its duty "conscientiously by impartial application of pertinent legal doctrine and fair consideration of the evidence...." *Arcila, supra,* at 360. "This court should reserve its discretionary review prerogative, for the most part, to dispel any confusion generated in the past by our own case law, to reconcile settled differences between the various courts of appeals, and to promote the fair administration of justice by trial and appellate courts throughout Texas." *Arcila, supra,* at 361, citing Tex.R.App.Proc. 200(b),(c); *Degrate v. State,* 712 S.W.2d 755 (Tex.Crim.App.1986).

An examination of the opinion of the court of appeals in the present case shows it to be in accord with our applicable case law and it applies the correct legal doctrine after a careful consideration of the evidence. Appellant does not aver it is in conflict with opinions of the other courts of appeal with respect to the issues presented. Accordingly, I would dismiss appellant's petition for discretionary review as improvidently granted. However, because the Court has elected not to do so, I concur in the result for the reasons expressed herein.

The indictment alleged the offenses described therein occurred "on or about August 31, 1988." Appellant filed a "request for notice of State's intention to introduce evi-

---

9. The R.404(b) notice does include references to other occurrences of the acts for which appellant was convicted, e.g., he was convicted of fondling R.C.'s breast and number (5) of the notice includes an allegation of repeated instances of fondling her breast. But in order for that fact to render appellant's conviction a "conviction of an extraneous offense", we would have to come to the absurd conclusion that even if an act is committed more than once by an accused, the State may prove it only once—as an indicted act or as an extraneous act.

dence of other crimes, wrongs and acts." At the hearing, the State alleged the conduct of appellant toward the victim had been continuous over a period of several years, though the indictment did not so allege. Appellant requested, at the hearing, that the State inform him of specific instances of conduct so as to enable him to prepare a defense.

In response, the State informed the court and appellant that it would not present evidence of any conduct that occurred on August 31, 1988. The State did inform appellant and the court it would present evidence that the acts alleged in the indictment occurred on two earlier occasions. The State also, in its Rule 404(b) notice, informed appellant of its intent to introduce evidence of other extraneous acts or offenses, i.e., conduct which occurred during the same criminal transaction as the charged offenses.

At the hearing, the State informed the trial judge that it would introduce evidence that appellant performed "on or about 1986–1987, in the defendant's bedroom at 3139 Ray Drive in Haltom City, anal penetration of R.C. with his penis, anal penetration of R.C. with his fingers." The State also informed the court it would introduce evidence that appellant "on or about 1986, at 3139 Ray Drive in Haltom City, while defendant forced R.C. to watch a pornographic movie, defendant forced R.C. to masturbate his penis, defendant penetrated the vagina of R.C. with his fingers, defendant forced R.C. to perform oral sex on him." [1]

The State, at the hearing, described, in considerable detail, the incidents referred to in the preceding paragraph.[2] The trial court granted appellant a continuance of ten days to prepare for trial. Trial on the merits did not actually commence until more than six months after the hearing. Appellant's implicit claims that he did not receive adequate notice to prepare his defense and that he was not given notice as to what acts of misconduct the State intended to prove up against him as its case in chief are thus without merit.

This Court has consistently held that the phrase "on or about" in an indictment puts the defendant on notice to prepare for proof that the alleged act or acts of criminal misconduct occurred within the applicable statute of limitations period. *Thomas v. State*, 753 S.W.2d 688, 693 (Tex.Crim.App.1988); *Scoggan v. State*, 799 S.W.2d 679, 680 (Tex. Crim.App.1990). Recently, in another child sexual assault case with facts similar to the present case, although the indictment alleged an offense occurring "on or about" a specific date, the appellant had engaged in a continuous course of criminal misconduct with the named victim over a period of several years (though all within the statute of limitations period). The evidence presented at trial did not establish specific dates on which the criminal misconduct occurred. This Court held, in effect, the language "on or about" contained in the indictment permits the State to prove the offense alleged in the indictment with evidence of acts of sexual misconduct involving the defendant and the named victim which occurred at any time within the applicable statute of limitations period (but occurring before the date of presentment of the indictment). *Mireles v. State*, 901 S.W.2d 458, 461 (Tex.Crim.App.1995) (plurality op.).

Appellant received adequate notice of the charges against him so as to meet his due process right to be able to prepare an adequate defense.[3] Indeed, unlike the appellant in *Mireles, supra*, appellant was given notice of what acts of misconduct the State would attempt to prove up against him. Further-

---

1. The victim is referred to by her initials throughout this opinion.

2. The indictment alleged that appellant, on or about the 31st day of August, 1988, did: Then and there intentionally and knowingly cause the penetration of the female sexual organ of R.C., a child younger than 14 years of age who was not the spouse of said defendant by inserting his finger into the female sexual organ of R.C.; Count Two: And it is further presented in and to said court that the said Roger Dale Sledge in the

County of Tarrant and State aforesaid on or about the 31st day of August, 1988, did then and there intentionally, with the intent to gratify the sexual desire of said defendant, engage in sexual contact by touching the breast of R.C., a child younger than 17 years and not the spouse of the defendant. . . .

3. The indictment meets the requisites of Texas Code of Criminal Procedure article 21.02, including the implicit notice requisite of Article 21.02, Section 6.

more, he was granted a ten-day continuance to prepare and trial itself did not commence until over six months after the hearing. Appellant does not demonstrate any notice deficiency, much less one that could have impacted his ability to prepare his defense. *Adams v. State,* 707 S.W.2d 900, 903 (Tex.Crim.App. 1986). Finally, appellant does not offer a persuasive argument that Art. 21.02 conflicts with Article I, Section 10 of the Texas Constitution.

With respect to appellant's contention he was, in effect, convicted based on extraneous offenses, it is my opinion the incidents identified at the hearing were not extraneous offenses at all, but were part of a stream of continuous acts of criminal sexual misconduct with the victim named in the indictment. The State was free to present evidence of any specific instances of sexual misconduct involving appellant and the named victim that occurred within the statute of limitations period. The two specific instances of misconduct the State identified at the hearing that they would attempt to prove up at trial were properly alleged in the indictment, differing only in that the dates they allegedly occurred were antecedent to that alleged in the indictment. This difference, however, is immaterial. *Mireles, supra.*[4]

Accordingly, I concur in the judgment of the Court.

OVERSTREET, Judge, dissenting.

We granted several grounds in appellant's petition for discretionary review. Specifically, those granted grounds ask:

1. Did the court of appeals err in holding that Tex.Code Crim. Proc. Ann. Art. 21.02 (Vernon 1989) allows the State to convict a defendant based on an extraneous offense identified through a pretrial 404(B) motion[?]

1A. Did the court of appeals, sub silentio, extinguish the concept of extraneous offenses in the State of Texas[?]

3. Did the court of appeals err in holding that Art. 21.02 takes precedence over Art. I § 10 of the Texas Constitution[?]

3A. Did the court of appeals err in holding that the petitioner's convictions rest on unindicted extraneous acts[?]

The majority, unimpressed by his "account of the facts" and allegations of constitutional wrongdoing, overrules all of appellant's grounds. I respectfully dissent from the majority's approach and conclusions.

The crux of all of these granted grounds is that the evidence presented at trial varied from the indictment allegations, thus rendering the evidence insufficient to sustain the jury's verdict of guilt; and that that variance was caused by the State specifying in its pretrial Notice of Intent to Introduce Extraneous Offenses that certain offenses were "extraneous" and thus not the offenses alleged in the indictment.[1] To review these grounds, one must look at the offenses alleged in the indictment, the offenses declared "extraneous" by the State's Notice, and the evidence introduced at trial.

I.

INDICTMENT ALLEGATIONS

The indictment contained two counts. The first count alleged that appellant committed

---

4. It should be noted the State may well be unable, on double jeopardy grounds, to retry a defendant acquitted in a cause with facts similar to the present case where it elected to present evidence of one or more acts of criminal sexual misconduct (without specifically identifying them in advance of trial). The acquittal would, in effect, apply to *all* acts of criminal sexual misconduct involving the defendant and the same victim that occurred during the period prior to the date of presentment of the indictment. Should the State elect to proceed on one or more *specified* acts of misconduct (specified in advance via proper notice to the court and the defendant) and an acquittal results, the State may be able to reindict the defendant for the acts not so specified.

1. Interestingly, appellant's second ground for review, which we did not grant, asked,

Did the court of appeals err in holding that the State presented sufficient evidence to sustain the petitioner's convictions for aggravated sexual assault and sexual assault[?]

However, as noted above, the crux of appellant's claims in the grounds that have been granted, particularly numbers 1 and 3–A, is that he was convicted of acts that had been identified as extraneous offenses rather than the offenses alleged in the indictment.

aggravated sexual assault "by inserting his finger into the female sexual organ of [the named complainant]," who was younger than 14 years of age, on or about the 31st day of August 1988. Count two alleged that appellant committed indecency with a child by "engag[ing] in sexual contact by touching the breast of [the same named complainant]," who was younger than 17 years of age, on or about the 31st day of August 1988. The indictment is file-stamped December 5, 1989.

Thus the indictment alleged:

1) aggravated sexual assault by appellant inserting his finger into the female sexual organ of the complainant; and

2) indecency with a child by appellant touching the breast of the complainant.

## II.

### STATE'S NOTICE OF EXTRANEOUS OFFENSES

Pursuant to Tex.R.Crim.Evid. 404(b), appellant filed a "Defendant Request For Notice of State's Intention to Introduce Evidence of Other Crimes, Wrongs or Acts." It specifically requested that the State give reasonable notice in advance of trial of its intent to introduce in its case-in-chief "evidence of other crimes, wrongs, or acts *other than that arising in the transaction for which the Defendant stands indicted.*" (emphasis added) This instrument is file-stamped January 21, 1992. The trial court signed the attached order granting that motion.

On May 11, 1993, the trial court conducted an arraignment and pretrial hearing. As to the Request for Notice, the prosecutor indicated that she had continual sexual conduct by appellant, and that he was indicted using the last date he had contact with the child because the child had been molested from ages 7 to 14, and she took the last date where the child was 14. The prosecutor also indicated that she intended to "go into the two dates, but they're not going to be on that date[,]" "[t]hey are going to be back when she was younger, since 10 years is what our framework is in working with that last date alleged." The prosecutor also said that she did not intend to go into the continuing scheme from 7 to 14 years of age, but rather intended to go into:

two instances that the child remembers most readily in her mind, going into the one instance of the touching of her breasts, there's other acts involved during that one; and then there's another instance involving the penetration with the fingers and the acts surrounding that. And the dates of those are going to be within 10 years of that date alleged. Those are the two I intend to go into and what involved those two acts, but as far as the continuing from seven to 14, I'm not intending to bring in all that because I think the recent case law prohibits me to at my case in chief.

Appellant complained that if it's not August 31, 1988, then he was hardly on notice of when the specific date would be. The prosecutor commented that appellant had seen the CPS records, and some of the complainant's written statements. When asked by the trial court if she planned to go on that August of 1988, the prosecutor responded negatively and said that she intended to go on when the complainant was 10 or 11 years old, pointing out that the law allowed her to go into within 10 years of the date of the indictment. The trial court then expressed some concern about notice.

Upon further discussion, the prosecutor indicated that the statements "also correspond with the continuing penetration." When the trial court responded that she did not allege that, the prosecutor retorted that she did allege that because when alleging a certain date she's actually alleging within 10 years of that date. The trial court then indicated that because the indictment alleged a certain date, and not continuing acts, and there were statements that show those certain dates, on or about August of 1988, then the State was going to be tied to that. The prosecutor then responded that if she gave appellant notice now and a continuance, then she could "go into the 10 and 11 years of age." The trial court agreed.

After a short recess, the prosecutor then described two incidents which the complainant recalled vividly when she was 10 or 11 years old; one of which involved appellant rubbing her with Vaseline and penetrating

her anus digitally, and the other involving appellant watching a porno movie with her and making her touch his penis, masturbate him, and him fondling her breasts as she was laying on the couch. The prosecutor also mentioned that there was "a lot of other sexual conduct that took place throughout this child's life from the time she was seven to the time she was 14 years of age, including full-scale intercourse, oral sex of every manner and means." The trial court then ruled that as the case is indicted, because of the outcry statement and the statement made to the DHS representative, the notice given by the indictment is limited to such a degree that the events that occurred in August of 1988 would be more likely to have been relied upon by appellant in preparing a defense, and that the prosecution was instructed to give notice, as was just given, as to incidents that would be relied upon by the State in trying the case, and that the trial court would allow those incidents to be proved as long as they were within the limitation period based upon the date of the indictment. It did grant a continuance because appellant claimed he had not had an opportunity to prepare for those incidents.

On January 25, 1994, the State filed its "State's Notice of Intent to Introduce Extraneous Offenses." It stated that it gives further notice of its "intent to introduce evidence of extraneous offenses in both the guilt and innocence and punishment phase of the trial." The Notice further indicated that "[t]he State may elect to introduce evidence of all of the following offenses committed by this Defendant[.]" It thereafter recited seven specific listings:

(1) 1981–1982, at 3139 Ray Drive in Haltom City, repeated instances where defendant inserted his fingers into [named complainant]'s vagina, fondling of [named complainant]'s vagina and instances where defendant had [her] touch his penis.

(2) On or about 1986—1987, at 3139 Ray Drive in Haltom City, in the defendant's bedroom, anal penetration of [named complainant] with his penis, anal penetration of [named complainant] with his fingers.

(3) On or about 1986, at 3139 Ray Drive in Haltom City, while defendant forced [named complainant] to watch a pornographic movie, defendant forced [named complainant] to masturbate his penis, defendant penetrated the vagina of [named complainant] with his fingers, defendant forced [named complainant] to perform oral sex on him.

(4) 1982 thru 1987, at 3139 Ray Drive in Haltom City, repeated instances where defendant touched [named complainant]'s vagina with his tongue and inserted his tongue into her vagina.

(5) 1982 thru 1987, at 3139 Ray Drive in Haltom City, repeated instances where defendant penetrated [named complainant]'s vagina with his fingers and fondled [named complainant]'s breasts.

(6) 12–87 thru 7–4–88, in Leveland [sic], Texas, repeated instance [sic] of fondling, vaginal penetration by Defendant with his fingers, oral sex performed by Defendant on [named complainant] and instance where defendant had [named complainant] touch his penis.

(7) 7–4–88 to 8–88, at 4429 Knowledge in Haltom City, defendant penetrated [named complainant]'s vagina with his penis.

The bench trial before the court began on January 26, 1994.

### III.

### EVIDENCE AT TRIAL

In a bench trial before the court, at guilt/innocence the State presented two witnesses, the complainant and her older brother, and cross-examined appellant. The complainant testified that her date of birth was April 10, 1975. The State elicited testimony from her regarding an incident that occurred in 1986 or 1987 when she was in "[a]bout the fifth" grade at the age of "[e]leven, maybe." She indicated that this occurred at their house on Race [sic] Street in Haltom City. She testified that this incident involved her watching portions of a pornographic videotape movie with appellant, and appellant pushing her down so that her mouth was on his penis. Appellant's extraneous offense objections were overruled. The complainant also testified that this incident involved appellant touching and inserting his finger into

her personal area, i.e. her female sexual organ, and rubbing on her breast underneath her clothing.

The State also elicited testimony from the complainant regarding another incident occurring "about 1986, 1987" on Race [sic] Street in Tarrant County in her mother's and appellant's bedroom, when she was "[a]bout the same age, eleven." This incident involved appellant rubbing Vaseline into her anus and inserting his fingers into her vagina. In arguing over appellant's extraneous offense objection to this evidence, the prosecutor stated that this pertained to the aggravated sexual assault count, while the previous evidence with the videotape movie went to the fondling of the breast count.

Appellant testified and denied doing those things to her. The complainant's brother did not testify as to the specifics of any sexual assault or indecency committed on the complainant.

## IV.

### CORRELATION BETWEEN ALLEGATIONS, NOTICE, AND PROOF

As discussed above, the indictment alleged two specific offenses: 1) aggravated sexual assault by inserting appellant's finger into the female sexual organ of the complainant; and 2) indecency with a child by touching the breast of the complainant. Both offenses were alleged to have occurred "on or about the 31st day of August 1988[.]"

The State's Notice of its "intent to introduce evidence of extraneous offenses" listed several incidents of both aggravated sexual assault and indecency with a child. Several of those notice listings involve aggravated sexual assault by insertion or penetration. # 1 alleges as an extraneous offense in 1981–1982 appellant inserting his fingers into the complainant's vagina. # 3 alleges as an extraneous offense that appellant penetrated the complainant's vagina with his fingers on or about 1986. # 5 alleges, from 1982 thru 1987, repeated instances of extraneous offenses where appellant penetrated the complainant's vagina with his fingers. # 6 alleges an extraneous offense of vaginal penetration by appellant with his fingers, but that extraneous offense occurred in "Leveland" [sic], though Levelland is in Hockley County rather than Tarrant County. All of these allegations, other than # 6, aver that they occurred at Ray Drive in Haltom City. These offenses included in the State's Notice of Intent to Introduce Extraneous Offenses all correspond to the allegation of aggravated sexual assault by inserting appellant's finger into the complainant's sexual organ.

The State's Notice of its "intent to introduce evidence of extraneous offenses" also listed extraneous offenses corresponding to the allegation of indecency with a child by touching the complainant's breast. # 5 alleges from 1982 thru 1987, repeated instances where appellant fondled the complainant's breasts at Ray Drive in Haltom City.

Since these allegations are included in the State's Notice of Intent to Introduce Extraneous Offenses, in which the State gave further notice of its "intent to introduce evidence of extraneous offenses[,]" obviously they are "extraneous" to the two offenses alleged in the indictment. An "extraneous" offense is an offense other than the offense alleged in the indictment. We have recently stated, "An extraneous offense is defined as any act of misconduct, whether resulting in prosecution or not, that is *not shown in the charging papers." Rankin v. State*, 953 S.W.2d 740, 741 (Tex.Cr.App.1996) (rehearing pending) [emphasis in original]. In the not so distant past, this Court similarly stated, "An extraneous offense is one that is extra, beyond, or foreign to the offense for which the party is on trial." *Ridinger v. State*, 146 Tex.Crim. 286, 174 S.W.2d 319, 320 (1943).

Therefore, *all* of the offenses listed in the State's Notice of Intent to Introduce Extraneous Offenses, in which the State gave notice of its "intent to introduce evidence of extraneous offenses[,]" are "extraneous," i.e. are not shown in the charging papers and are extra, beyond, or foreign to the offenses for which appellant was on trial.

## V.

## ANALYSIS

As noted above, several of the listings in the State's Notice involve aggravated sexual assault by insertion or penetration of appellant's fingers into the complainant's vagina, which corresponds to the aggravated sexual assault allegation of "inserting his finger into the female sexual organ of [the named complainant]" in the indictment. Specifically, the Notice's listing # 3 (the incident involving watching a pornographic videotape movie at Ray Drive in Haltom City on or about 1986, with appellant penetrating the complainant's vagina with his fingers and fondling her breasts) comports with the above-discussed testimony at trial. Also the Notice's listing # 2 (involving anal penetration by appellant in his bedroom) seems to correspond with the above-discussed testimony about Vaseline in the bedroom, though # 2 does not mention inserting his fingers into her vagina. And the Notice's listing # 5 designates as extraneous offenses in "1982 thru 1987" repeated instances of appellant penetrating the complainant's vagina with his fingers and fondling her breasts at Ray Drive in Haltom City.

Since the State's Notice gave actual notification that the offenses which were testified to at trial were "extraneous" offenses, i.e. were not shown in the charging papers and are extra, beyond, or foreign to the offenses for which appellant was on trial, then those offenses obviously were not the offenses alleged in the indictment. All of the evidence of penetration and fondling as alleged in the indictment were included in the State's extraneous offenses Notice.

The majority states, "Labeling an offense 'extraneous' for purposes of notice does not transform the character of the offense." *Sledge v. State*, 953 S.W.2d 253, 256 (Tex.Cr. App. 1997). However, if the indictment alleges one thing, and the extraneous offense notice alleges something else, then obviously the parties are on notice that the indictment allegations are the offenses that are being tried and which guilt/innocence will be determined and the extraneous offenses are something other than the offenses being tried.

It is well-settled that the purpose of an indictment is to give the defendant notice of the specific offense with which he is charged and to enable the court, upon conviction, to pronounce the proper judgment, and to enable the accused to plead the judgment that may be given upon it in bar of any further prosecution for the same offense. *Lehman v. State*, 792 S.W.2d 82, 84 (Tex.Cr.App. 1990); *and see* Articles 21.11 and 21.04, V.A.C.C.P. And it goes without saying that the purpose of a "Notice of Intent to Introduce Extraneous Offenses" is to provide notification of intent to introduce *extraneous* offenses, i.e. offenses *other than* those alleged in the indictment. And in this case, that is precisely what the State did with its Notice. Unfortunately when it came time for trial, the State chose to only present evidence which corresponded with its designated *extraneous* offenses. The same specific offenses can not be both extraneous and named in the indictment. There is no overlap between the indictment allegations and the extraneous offenses Notice; yet there is an overlap between the evidence presented by the State and the offenses in the State's extraneous offense Notice.

The majority also states that the specific acts alleged in the indictment, digital penetration of the complainant's sexual organ and fondling of the complainant's breasts, are not listed in the State's written Notice. *Sledge v. State*, 953 S.W.2d at 256. However, as clearly shown above, the State's Notice does indeed include specific listings of digital penetration of the complainant's sexual organ, i.e. vagina, and touching, i.e. fondling, the complainant's breasts on Ray Drive in Haltom City.

## VI.

## CONCLUSION

Though Article 21.02(6), V.A.C.C.P., requires simply that the time mentioned in an indictment "must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation[,]" and this Court has found evidence to be sufficient to prove "on or about" the date alleged if it the actual date

of occurrence merely falls within that limitation period, appellant's complaints go to whether there was evidence at all of offenses other than those designated in the State's extraneous offense Notice.[2] Regardless of the "on or about" August 31, 1988 allegation, the evidence at trial described offenses corresponding to those designated as extraneous in the State's Notice. Regardless of the admissibility of the extraneous offenses, and of what was said at the above-discussed pretrial hearing, the written "State's Notice of Intent to Introduce Extraneous Offenses[,]" which was filed just the day before the trial began, provided specific notice distinguishing "extraneous" offenses from the offenses alleged in the indictment.

Accordingly, I believe the court of appeals erred in its analysis of appellant's point of error claiming insufficient evidence to prove the indictment allegations. Accordingly I believe that this cause should be remanded to the court of appeals for reanalysis in line with the State's written Notice designating "extraneous" offenses. Because the majority does not do so, I respectfully dissent.

BAIRD, J., joins.

MEYERS, Judge, dissenting.

A conviction in Texas should be based upon an indictment issued after the presentation of the district attorney's case to the grand jury. No conviction can stand which does not proceed in this fashion. TEX. CONST. art. I, § 10. TEX.CODE CRIM. PROC. ANN. art. 1.05. U.S. CONST. amend. V. Thus, defendants cannot be convicted of extraneous offenses or, in other words, offenses not listed on the face of the indictment. *Crawley v. State*, 513 S.W.2d 62 (Tex.Crim.App.1974); TEX. CONST. art. I, § 10. But that is exactly what appellant claims happened. Specifically, he suggests that the court of appeals

erred to affirm his convictions because he was convicted of offenses occurring in 1986 and 1987 and listed as "extraneous offenses" at a pre-trial hearing as opposed to those offenses occurring "on or about" August, 1988, as listed in the indictment:

> The issue again, involves the question of whether the State may use the "on or about" phrase in an indictment to bypass extraneous offense law and indictment requirements to secure a conviction based on conduct not alleged in an indictment.

Petition for Discretionary Review, pg. 11. By so doing, he challenges the very constitutionality of TEX.CODE CRIM. PROC. ANN. art. 21.02(6), which provides that:

> An indictment shall be deemed sufficient if it has the following requisites:
>
> ■ The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation.

Of course, appellant's complaint has little to do with the phrase "on or about". *Mireles v. State*, 901 S.W.2d 458, 466 (Tex.Crim.App.1995)(Meyers, J., dissenting). Instead, it questions the long standing precedent, codified in art. 21.02(6), that "the State [is] not obliged to prove a certain date at trial even if it had actually alleged one in the indictment." *Id.* at 464. Although ultimately finding the evidence sufficient to prove the allegations in both counts of the indictment, the court of appeals nevertheless sympathized with appellant's concern that he may have been convicted for an unindicted offense.

Indeed, problems with art. 21.02(6) abound and they are especially apparent in those cases involving child sexual abuse, like the one before us today, in which the same activity can be repeated over a long period of time

---

**2.** The majority opinion states that the "on or about" date allegation in the indictment is "often used in cases involving sexual assault of a child." *Sledge v. State, supra,* op. at 254. That is certainly true, but somewhat misleading. As we all know, such an "on or about" allegation is used in virtually every indictment, for both property crimes, such as theft, unauthorized use of a motor vehicle, burglary, and crimes against persons, such as murder, assault, and sexual assault. But

to imply that the "on or about" allegation is reserved exclusively for use in cases alleging sexual assault of a child is disingenuous to say the least. Such allegation is used in all types of cases; thus our holding today will affect allegations in all types of cases.

I also note that in spite of the above-detailed testimony, the judgment states that the "Offense Date" for both offenses was August 31, 1988.

by the same defendant upon the same victim. In such cases it is often difficult to identify one particular incident or transaction from the next, except by the date on which the incident occurred. When the State is given such latitude, via art. 21.02(6), on its requisite proof regarding the date of an indicted offense, the chance that a defendant will be convicted of an "offense" other than that for which he was indicted increases dramatically.

Of course, if an "offense" is merely a statutory "offense" for purposes of art. I, § 10, then, as both the court of appeals and the majority aver, there can be little doubt that the appellant was indicted and convicted for the same offense. But our law indicates otherwise. *Flowers v. State*, 815 S.W.2d 724 (Tex.Crim.App.1991). In *Flowers* we analyzed TEX.CODE CRIM. PROC. ANN. art. 28.10(c) in the context of TEX. CONST. art. I, § 10. Art. 28.10(c) provides:

> An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

We held that an "additional or different offense" meant an additional or different *statutory* offense such that when the indictment, in that case, was amended to reflect a different owner of property allegedly stolen by defendant, the amendment did not charge an additional or different offense under art. 28.10(c). *Id.* at 728. However, we went on to state that:

> Such an interpretation does not end our analysis. Even though the amendments are not objectionable as charging an additional or different offense, they may be improper if they prejudice the "substantial rights of" the defendant ... For example, if the record shows that the amendment is made so as to charge a different *occur-*

*rence* or *incident* than that originally alleged in the indictment, the substantial rights of a defendant would be prejudiced in part because he has been denied any grand jury review of the offense as required by art. I, § 10.

*Id.* at 729 (emphasis added). In short, art. I, § 10 is concerned not only with statutory offenses, but with specific incidents of statutory offenses. It follows, then, that art. I, § 10 demands that the defendant be indicted and convicted for the same incident and not merely for the same statutory offense.

Art. 21.02(6), however, does not comply with the demands of art. I, § 10. This, because, as stated above, it significantly reduces the chance that a defendant will be indicted and convicted of the same "offense." We thus ought not, as the majority does here, dismiss appellant's art. I, § 10 complaint because there "is no evidence that the testimony presented to the grand jury related to the offenses other than those proven at trial[ ]", especially since grand jury testimony is secret. In order to comply with our constitution the State must prove its date allegations with greater accuracy. For example, when the State alleges that an offense occurred "on or about" a certain date, it ought to prove those allegations within a few days of the specific date.[1] Such a rule both supports the mandate of art. I, § 10 and also comports with common parlance. *See Mireles v. State*, 901 S.W.2d at 469 (Meyers, J., dissenting). Of course, even this rule cannot *guarantee* that a defendant will be indicted and convicted of the same of offense. But, unlike art. 21.02(6), it promotes, rather than hinders, art. I, § 10 protections.

Because the majority does not so hold, I respectfully dissent.

---

1. Of course, the State need not use the "on or about" language. As the majority observes, the use of such language, when it has the meaning of "within a few days", would often significantly decrease the chance for a successful prosecution in those cases involving offenses against children. Instead, alternatives exist that would both allow the State enough latitude to obtain convictions in such cases and also lend substance to the mandate of art. I, § 10. For example, the State might indict someone for the sexual assault of a child "within one month"of any given date. No doubt, any rule narrowing the time frame presently allowed in art. 21.02 will impede, to some degree, the State's ability to obtain convictions. But our job is not to facilitate the State's ability to obtain convictions at any cost, especially when that cost is constitutional in nature.