NO. 07-01-0207-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 20, 2002

_____


TAVIA ANISSA HANCOCK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 93,587; HONORABLE PAMELA C. SIRMON, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.


Appellant Tavia Anissa Hancock appeals from her conviction for theft. By four issues she urges that the evidence was legally and factually insufficient to support her conviction because the date on which the State proved the theft occurred was before the date alleged in the information, and the date alleged in the information was after the date the information was filed. We affirm.

On January 23, 2001, appellant was shopping at a J.C. Penney store.  She took several articles of clothing which she had not purchased into a dressing booth.  After she left the booth without carrying any of the articles of clothing, store employees checked the booth.  No clothing was found.

On February 14, 2001, an information was filed charging appellant with theft.  The information alleged that the theft took place on or about February 23, 2001.  Appellant did not challenge either the date alleged in the information or any other aspect of the information by pretrial motion.

The case was tried to a jury.  The State presented its case to the jury as involving the date of January 23, 2001.  The proof was that the date of the theft was January 23, 2001.  After the evidence was closed, appellant moved for a directed verdict based on the discrepancy between the date alleged in the information and the State's proof.  The motion was denied.  The jury charge included the date of January 23, 2001, as the date of the theft charged.  The jury found appellant guilty.

Appellant's first and third issues, respectively, challenge the legal and factual sufficiency of the evidence to sustain her conviction because the State did not prove the alleged theft occurred on or about February 23, 2001.  Her second and fourth issues challenge the legal sufficiency of the evidence to sustain a conviction where the date alleged in the information was a date subsequent to the date the information was filed.

Appellant does not challenge the form or substance of the information itself. Nor did she do so prior to trial. See TEX. CRIM. PROC. CODE ANN. art. 1.14.(b) (Vernon 2002).[1] She does not challenge the evidentiary basis of her conviction, except for the discrepancy between the date alleged in the information and the proof at trial.

Appellant briefs and argues her four issues together because they address the same basic complaint. We, accordingly, will address the four issues together.

The rules with respect to allegations in an indictment and the certainty required in the indictment also apply to an information. CCP art. 21.23. And, the State is not bound by the date alleged in an indictment, so long as the date proved as the actual date of the crime is anterior to the date the indictment is filed and is not so remote that the crime is barred by limitations. See Sledge v. State, 953 S.W.2d 253, 256 (Tex.Crim.App. 1997); Glenn v. State, 436 S.W.2d 344, 346 (Tex.Crim.App. 1969). "On or about" language in an indictment allows the State to prove a date for the crime other than the date alleged in the indictment. See Sledge, 953 S.W.2d at 256.

In the matter before us, the affidavit underlying the information set out the date of the offense as January 23, 2001. The information alleged that "On or about the 23rd day of February, 2001, . . . ." The State's proof was that the theft occurred on January 23, 2001. The jury was charged as to the date of January 23, 2001. The jury found appellant guilty based on such date.

---

[1]Further references to the Code of Criminal Procedure will be as "CCP."

The State was not required to prove the date of February 23, 2001, as the date on which the theft occurred, even though that was the date alleged in the information. <u>See id</u>. Thus, the issue of sufficiency of the evidence as to such date is immaterial to appellant's conviction. The State's proof supported appellant's conviction for theft on January 23, 2001, which was anterior to the date the information was filed. That is all that is required.

Regardless of whether the date alleged in the information was after the filing of the information or before the filing, the discrepancy between the date alleged in the information and the State's proof at trial did not affect appellant's substantial rights. <u>See</u> TEX. R. APP. P. 44.2(b); <u>Sledge</u>, 953 S.W.2d at 256; <u>Glenn</u>, 436 S.W.2d at 346. Appellant's four issues are overruled. The judgment of the trial court is affirmed.

Phil Johnson
Justice

Do not publish.