NUMBER 13-00-621-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 


___________________________________________________________________


ROBERTO MEDINA , Appellant,



v.




THE STATE OF TEXAS , Appellee.

___________________________________________________________________



On appeal from the 23rd District Court

of Brazoria County, Texas.

__________________________________________________________________



O P I N I O N


Before Chief Justice Valdez and Justices Rodriguez and Kennedy (1)

Opinion by Justice Kennedy




 Appellant was indicted for aggravated sexual assault of a child in two separate counts. The first count alleges that
appellant inserted his finger into the anus of a child younger than fourteen years of age. The second count alleges that
appellant placed his penis in the mouth of the same child.

 The jury found appellant guilty of both counts of the indictment, and the judge assessed punishment at confinement for ten
years on count one and confinement for eleven years on count two. This appeal relates solely to the sufficiency of the
evidence heard by the jury.

 Appellant's brief brings four issues. We consider issues one and two first. Together they allege insufficient evidence to
prove that appellant committed the acts charged in each of the counts in the indictment.

 The young girl whom it is alleged appellant assaulted, M.T.S., testified in the case. She testified that she was twelve years
of age at the time of trial. She also testified that appellant was her step-father. When appellant lived with her mother,
M.T.S. would sleep at her mother's feet. Appellant sometimes came into her mother's bedroom and fondled her while her
mother slept. This conduct occurred ten or fifteen times.

 On one occasion, while the victim's mother was at work, appellant called M.T.S. into his room where he made her touch
his "private part" and put it into her mouth. On another occasion, appellant put his finger into M.T.S.'s anus. This incident
occurred when M.T.S. was ten years old. Two school teachers who had M.T.S. in their classrooms testified to the child's
truthfulness. A physician's examination of M.T.S. produced no evidence of penetration of her anus, although the physician
stated that she would not have expected any physical evidence of sexual abuse of the type described by M.T.S. A
psychologist who interviewed M.T.S. testified that M.T.S. told her the details of appellant's assault. Appellant's mother
testified that M.T.S. told her about the assaults and that when she confronted appellant, he threatened her (the mother). 

 One of the witnesses called by appellant on his behalf was a worker at Children's Protective Services. She testified that
someone in her department took a statement from M.T.S., a part of which alleged that appellant had touched M.T.S.'s
vaginal area and had put his penis in her mouth. Appellant took the stand and denied the allegations against him. 

 To determine whether the evidence is legally sufficient to support the verdict, we view the evidence in the light most
favorable to the verdict and ask whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Weightman v. State, 975 S.W.2d 621, 624
(Tex. Crim. App. 1998). In determining the factual sufficiency of the elements of the offense, we "view all the evidence
without the prism of 'in the light most favorable to the prosecution,' and set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust." Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000). 

 The evidence which we have here summarized is neither legally nor factually insufficient to prove that appellant penetrated
M.T.S.'s anus with his finger and that he placed his penis in M.T.S.'s mouth. We deny the relief sought by issues one and
two. 

 Issues three and four allege insufficient evidence to prove that appellant committed the acts on the dates alleged, that is,
April 30, 1999, for count one and March 15, 1999, for count two. 

 The indictment alleges the offenses to have occurred "on or about" each of the two dates stated in the two counts. When
the State alleges that a crime occurred "on or about" a certain date, the State can rely upon an offense on a date other than
the one specifically alleged so long as the date is anterior to the presentment of the indictment and within the statutory
limitation period, and the offense relied upon otherwise meets the description of the offense contained in the indictment. 
Sledge v. State, 953 S.W.2d 253, 255-56 (Tex. Crim. App. 1997). In the case before us, the only testimony or evidence
regarding the date of the offenses was in the direct examination of the complaining witness who testified that she was ten
years old when the offenses occurred. She was twelve years old when she testified. In the case before us, appellant was
charged with aggravated sexual assault under section 22.021(a)(1)(B) of the penal code. Tex. Pen. Code Ann. §
22.021(a)(1)(B) (Vernon 2003). The code of criminal procedure provides that the applicable statute of limitations runs:
"ten years from the 18th birthday of the victim of the offense . . . ." Tex. Crim. Proc. Code Ann. art. 12.01(5) (Vernon
Supp. 2003). (2) The indictment alleges the offenses occurred on or about March 15, 1999 and April 30, 1999.

 We deny the relief sought in appellant's issues three and four and AFFIRM the judgment of the trial court.



NOAH KENNEDY

Justice



Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 24th day of April, 2003.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. This section has been amended since the relevant period of time at issue in this case, however, the language of section
(5) has remained the same to date. Therefore, we cite to the current codification of this provision for ease of reference.