

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,941-02

### EX PARTE GUY OLIVER SHIFLETT JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W14-40619-T (A) IN THE 283RD DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to register as a sex offender and sentenced to three years' imprisonment.

Applicant, through habeas counsel, argues that his guilty plea was not voluntary due to the ineffective assistance of his trial counsel. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997). In agreed findings, the trial court finds that Applicant's guilty plea was involuntary and recommends that habeas relief be granted. According to the trial court, the failure-to-register indictment incorrectly listed Applicant's predicate sex-

offense as indecency with a child by contact, but the correct predicate sex-offense was indecency with a child by exposure. The trial court finds that a conviction for indecency by contact requires lifetime registration, while a conviction for indecency by exposure requires a 10-year registration. The trial court states that Applicant discharged the predicate indecency-by-exposure sentence on April 5, 2004, and that there are no other reportable sex-offense convictions, so Applicant's duty to register ended after 10 years on April 5, 2014. The failure-to-register indictment alleged April 14, 2014, as the offense date, which was after the date Applicant's duty to register ended. So the trial court concludes that Applicant's guilty plea was not voluntary.

In the indictment, the State alleged an offense date of "on or about" April 14, 2014, and "It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge v. State*, 953 S.W.2d 253, 255-256 (Tex. Crim. App. 1997). So it appears that the State may have been able to prove Applicant's guilt by showing Applicant's non-registration before the 10-year period ended. There is nothing in the habeas record from trial counsel responding to Applicant's claims of ineffective assistance and involuntary guilty plea.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance and involuntary plea. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claims that counsel provided ineffective assistance, that Applicant's guilty plea was involuntary, and that Applicant is actually innocent of the offense. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 27, 2019
Do not publish