**AFFIRMED and Opinion Filed July 8, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00105-CR**

**ROY LEE WELCH III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-80550-2022**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Carlyle
Opinion by Justice Reichek

Following a jury trial, Roy Lee Welch III appeals his conviction for sexual assault of child. In a single issue on appeal, he contends the evidence is legally insufficient to support the conviction because the offense could not have occurred at the time and place alleged. We affirm.

## Background

Appellant was charged with five sexual offenses against complainant B.H.—four counts of sexual assault of a child (Counts I, III, IV, and V) and one count of indecency with a child by contact (Count II). Counts III and IV alleged appellant

intentionally and knowingly caused B.H.'s anus to contact his sexual organ. The indictment alleged Count III took place on or about November 1, 2017, and Count IV took place on or about November 4, 2017. The jury found appellant guilty of Count III and not guilty of the other four counts. The jury assessed punishment at confinement for five years.

B.H., age 21 at the time of trial, testified that appellant is her second cousin and is 12 years older than she is. Growing up, B.H. saw appellant at occasional family functions, but when she was in high school he began spending more time with her family. Appellant and his girlfriend Leslie, who later became his wife, had a young daughter. When B.H. was 14, she started babysitting for them and did so often throughout high school. Appellant became very important to B.H. She admired him and confided in him. They had long conversations that included sexual topics. Sometimes B.H. spent the night at appellant and Leslie's apartment after babysitting. B.H. did not drive, and at times appellant and Leslie came home very late and/or drunk.

Appellant and Leslie lived in three different apartments during the time B.H. babysat for them. B.H. turned 16 shortly after appellant's family moved into the third apartment, and the sexual abuse began there. Appellant started offering B.H. alcohol, and occasionally cocaine, and alcohol was involved in most of the occurrences of sexual abuse.

–2–

B.H. testified about appellant's various acts of sexual abuse. She stated the first time she had anal sex with appellant was on "Halloween night of 2017," when she was age 16. That night she babysat while appellant and Leslie went to a Halloween party. B.H. was not happy about babysitting on Halloween because she wanted to be with her friends. B.H.'s friend Nicole came over and brought marijuana brownies, which B.H. and Nicole ate. When appellant and Leslie came home at about 2:30 a.m., B.H. was in their daughter's bedroom, and Nicole was sick in appellant's bathroom. Leslie tended to Nicole. Nicole passed out on the couch, and Leslie passed out in her bedroom. B.H. and appellant talked until the morning on the dining room floor. Appellant told her he wanted to have anal sex with her. After much discussion, B.H. agreed and they went into the daughter's bathroom. Appellant positioned B.H. on all fours facing the shower wall and pulled her pants down to her knees. B.H. stated, "[H]e tried to stick his penis in my butt and it really hurt. He couldn't get it in so he like got lotion." After appellant came back with the lotion, he penetrated B.H.'s anus and ejaculated inside her. B.H. remembered the lotion smelled like lavender and the bottle had a purple flower on it. B.H. also testified about a second instance of anal sex that occurred later that day. Nicole left to go work at the mall and Leslie left as well. When B.H. was trying to nap in appellant's bed, appellant came in and said he wanted to "do that again." He positioned her on all fours and penetrated her anus with his penis. B.H. testified she was at appellant's house until about 6 p.m. that day.

–3–

A few days later, on the morning of November 4, 2017, appellant picked B.H. up from a friend's house and brought her to his house and had anal sex with her again. B.H. estimated that in 2017 and 2018, appellant had anal sex with her 7 or 8 times. It was hard for her to remember each individual time, partly because she was often drunk when it happened. The last incident of sexual assault occurred in December 2018, when she was 17. After that, B.H. had an "epiphany" about appellant's behavior and told him she "couldn't do this anymore." In July of 2020, B.H. reported appellant to the police.

On cross-examination, appellant's counsel showed B.H. her school district's calendar for the 2017-2018 school year. November 1, 2017, fell on a Wednesday, a school day. B.H.'s school records were admitted into evidence. They included an attendance report that showed B.H. was not absent from school on November 1, 2017.

On re-direct, the prosecutor asked B.H. if she associated the first time appellant had anal sex with her with Halloween. B.H. did because she remembered that appellant and Leslie had gone to a Halloween party and came home in costumes. Appellant dressed as "the Antichrist with a cross on his head," and Leslie dressed as a witch.

Leslie testified for the defense. She did not remember going out for Halloween in 2017 and doubted that she did because it fell on a Tuesday. She did not remember B.H. being at her apartment on Halloween or being there all day on

—4—

November 1, 2017. Later she testified that appellant went through a phase where he described himself as the Antichrist, and he dressed up as the Antichrist for Halloween one year. She believed she dressed as a witch that year, and they may have gone to a party. Leslie testified it was possible B.H. babysat while they went to that party. Leslie remembered helping B.H.'s friend Nicole when she was sick but said it was not on Halloween.

Appellant testified and denied having any sexual contact with B.H. He denied that she ever spent the night after babysitting. He denied drinking alcohol with her or giving her alcohol or cocaine. Appellant testified it was possible B.H. babysat for him and Leslie the Halloween they dressed up as the Antichrist and a witch, but he did not remember. Nicole had been to appellant's apartment, but he said it was not the night of that Halloween party.

## Analysis

Appellant asserts no rational jury could have found him guilty of Count III, while acquitting him of the other charges. B.H. testified about multiple acts of anal sex, but because the jury found him not guilty of the November 4 offense alleged in Count IV and B.H.'s testimony about the other times was too general, appellant argues his conviction could be only for the November 1 instances. Because B.H. testified the sexual assault alleged in Count III occurred on the day following Halloween 2017, and "properly authenticated and unimpeached school records"

–5–

showed B.H. was not absent from school on November 1, 2017, appellant contends the jury's verdict was not rational.

As charged in this case, a defendant commits sexual assault of a child if he intentionally or knowingly causes the anus of a person younger than 17 years of age to contact the defendant's sexual organ. TEX. PENAL CODE ANN. § 22.011(a)(2)(D). A child victim's testimony alone can be sufficient to support a conviction for sexual assault. TEX. CODE CRIM. PROC. ANN. art. 38.07.

In assessing the sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 243, 243–44 (Tex. Crim. App. 2019). The factfinder may choose to believe all or any part of any witness's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The *Jackson* standard gives full play to the responsibility of the factfinder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). Additionally, the jury may use common sense, common knowledge, personal experience, and observations from life when drawing inferences. *Edwards v. State*, 666 S.W.3d 571, 574 (Tex. Crim. App. 2023). "A court's role on appeal is restricted to guarding

against the rare occurrence when the factfinder does not act rationally." *Nisbett*, 552 S.W.3d at 262.

The jury's decision to find appellant guilty of sexual assault of a child as alleged in Count III was not irrational. At trial in 2023, B.H. testified about a sexual assault that occurred in 2017, when she was 16 years' old. She associated the first time appellant had anal sex with her with Halloween because she remembered babysitting while appellant and Leslie went to a Halloween party in costumes. She spent the night at their apartment and stayed until 6 p.m. the next day. Although B.H. stated the assault occurred "on Halloween night," and school records did not indicate B.H. was absent on November 1, we presume the jury resolved any evidentiary inconsistencies in favor of the verdict. The jury could have rationally concluded the Halloween party B.H. remembered appellant going to was not on Tuesday, October 31, 2017, but rather on a weekend night near Halloween, as is often the case when Halloween falls on a weekday. The State was not required to prove the exact date of the sexual assault. *See Sledge v. State*, 953 S.W.2d 253, 255–56 (Tex. Crim. App. 1997). From B.H.'s testimony about the first time appellant had anal sex with her, a rational factfinder could have found the essential elements of sexual assault of a child beyond a reasonable doubt. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish.
TEX. R. APP. P. 47.2(b).
230105F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROY LEE WELCH III, Appellant

No. 05-23-00105-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-80550-2022.

Opinion delivered by Justice Reichek. Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of July, 2024.