NUMBER 13-05-175-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


LUIS ALONSO GARCIA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of Aransas County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion by Justice Yañez


 

 Appellant, Luis Garcia, appeals his conviction for aggravated sexual assault of a
child and indecency with a child. (1) After finding appellant guilty, the jury assessed his
punishment at twenty-five years' confinement, and the trial court sentenced him
accordingly. In three issues, appellant asserts that the evidence is legally and factually
insufficient to support his conviction and that the convictions constitute a violation of the
Double Jeopardy Clause of the United States Constitution. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to explain the Court's decision and the basic
reasons for it. (2)

Legal and Factual Sufficiency

 In his first and second issues, appellant contends that the evidence is legally and
factually insufficient to support his conviction.

1. Standards of Review

 In reviewing the legal sufficiency of the evidence to support a conviction, we view
all the evidence in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. (3) When reviewing the factual sufficiency of the evidence to support a
conviction, we view all the evidence in a neutral light, favoring neither party. (4) We will set
the verdict aside only if: (1) the evidence supporting the conviction, although legally
sufficient, is nevertheless so weak that the fact-finder's determination is clearly wrong and
manifestly unjust; or (2) the verdict is against the great weight and preponderance of the
evidence. (5) We cannot conclude a conviction is "clearly wrong" or "manifestly unjust" simply
because we would have voted to acquit. (6) In other words, we may not simply substitute our
judgment for the fact-finder's. (7) To reverse for factual sufficiency, we must determine, with
some objective basis in the record, that the great weight and preponderance of the
evidence contradicts the verdict. (8) In examining a factual sufficiency challenge, we defer
to the fact-finder's determination of the credibility of the evidence. (9)

2. Applicable Law

 Appellant was convicted of committing the offenses of indecency with a child and
aggravated sexual assault against his daughter, D.G. The indecency offense required
proof of the following facts: (1) appellant engaged in sexual contact with D.G. by touching
D.G.'s anus, (2) with the intent to arouse or gratify appellant's sexual desire, and (3) D.G.
was a child younger than seventeen years and not appellant's spouse. (10) The aggravated
sexual assault offense required proof of the following facts: (1) appellant intentionally or
knowingly, (2) caused D.G.'s anus to contact appellant's sexual organ, and (3) D.G. was
a child under fourteen years old and not appellant's spouse. (11)

3. Discussion

 The testimony of a child complainant, in and of itself, is enough to support a
conviction for sexual offenses under code of criminal procedure section 22.021, the
aggravated sexual assault statute. (12) Moreover, the jury is the sole judge of the credibility
of the witnesses and the weight to be given the evidence and may choose to believe all,
some, or none of it. (13) In his brief, appellant asserts that the State's evidence was primarily
based on the direct and hearsay testimony of D.G., "an immature, eight-year-old child." 
We note, however, that reconciliation of evidentiary conflicts is a function solely within the
province of the jury. (14)

 On direct-examination, D.G. testified that appellant had hurt her "butt" through the
use of his "private" and "fingers." D.G. answered affirmatively when asked if appellant's
"private part" had penetrated her. On cross-examination, D.G. testified that these assaults
occurred both during the day and at night. D.G.'s mother, testified that D.G. told her that
appellant had touched her butt with his hand and penis "'a lot of times but not that much.'"
Finally, Carol McLaughlin, a sexual assault nurse examiner employed by Driscoll Children's
Hospital, testified that D.G. stated the following to her: "'I've been touched with some
fingers and my daddy--my dad's private part. My daddy did it. He touched me in my
butt.'"

 We hold that the evidence, when viewed in the light most favorable to the verdict,
supports a determination beyond a reasonable doubt that appellant committed the
offenses of aggravated sexual assault and indecency with a child; therefore, we overrule
appellant's first issue. Additionally, when viewed neutrally, the evidence is not so obviously
weak or so greatly outweighed by contrary proof that it would not support the finding of
guilty beyond a reasonable doubt. Accordingly, we overrule appellant's second issue.

Double Jeopardy

 In his third issue, appellant complains that the trial court violated his double jeopardy
rights by convicting him of both aggravated sexual assault of a child by causing D.G.'s
anus to contact his sexual organ, and indecency with a child by touching D.G.'s anus. We
disagree.

 Assuming, without deciding, that appellant preserved his double jeopardy claim, we
nonetheless hold the record contains evidence from which the jury could conclude that
appellant's conduct in causing D.G.'s anus to contact his penis was separate and distinct
from his conduct in touching D.G.'s anus.

 Although the indictment alleges that both offenses occurred "on or about a date in
April, 2004," the State was not required to prove either offense occurred on the specific
date alleged. The "on or about" language of an indictment allows the State to prove a date
other than the one alleged in the indictment as long as the date is anterior to the
presentment or return of the indictment and within the statutory limitation period. (15) 
Therefore, as long as the record demonstrates appellant committed two distinct acts of (1)
causing D.G's anus to contact his sexual organ and (2) touching D.G.'s anus to arouse or
gratify appellant's sexual desire, appellant's convictions for both aggravated sexual assault
and indecency with a child cannot constitute a double jeopardy violation in this case. (16)

 Evidence presented at trial revealed that appellant committed, no earlier than
February 2004, at least two distinct acts that constitute either one of the two charged
offenses. (17) As stated earlier, D.G. testified that appellant abused her both during the day
and at night, thus indicating that more than one act of abuse took place. Furthermore,
D.G.'s mother testified that D.G. described the abuse as happening "a lot of times but not
that much." We believe this testimony demonstrates that appellant committed at least two
separate and distinct offenses against D.G.; therefore, we hold the jury could convict
appellant for both aggravated sexual assault and indecency with a child without infringing
upon appellant's rights against double jeopardy. Appellant's third issue is overruled.

Conclusion

 Having overruled each of appellant's three issues, we affirm the trial court's
judgment.


 

 LINDA REYNA YAÑEZ,

 Justice


Do not publish. Tex. R. App. P. 47.2(b) 

Memorandum opinion delivered and filed 

this the 22nd day of February, 2007.
1. See Tex. Pen. Code Ann. §§ 22.021, 21.11 (Vernon 2006).
2. See Tex. R. App. P. 47.4.
3. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim.
App. 2005).
4. Watson v. State, 204 S.W.3d 404, 2006 WL 2956272, at *8 (Tex. Crim. App. 2006); Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005).
5. Watson, 204 S.W.3d 404, 2006 WL 2956272, at *8, *10; Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).
6. Watson, 204 S.W.3d 404, 2006 WL 2956272, at *8.
7. Johnson, 23 S.W.3d at 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
8. Watson, 204 S.W.3d 404, 2006 WL 2956272, at *10.
9. Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003).
10. See Tex. Penal Code Ann. § 21.11.
11. See id. § 22.021.
12. Tex. Code Crim. Proc. Ann. art. 38.07(a), (b)(1) (Vernon 2005); Perez v. State, 113 S.W.3d 819,
838 (Tex. App.-Austin 2003, pet. ref'd) (holding that evidence was factually sufficient where the child victim
testified to indecency crime in spite of defense claims that the child lacked credibility). 
13. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 2005); Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000).
14. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).
15. Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).
16. See generally Murray v. State, 24 S.W.3d 881, 889 (Tex. App.-Waco 2000, pet. ref'd) (holding the
defendant's double jeopardy rights were not violated by his punishment for both aggravated sexual assault
and indecency with a child because the evidence at trial showed the defendant "committed two separate
acts--penetrating the victim's sexual organ with his finger and touching her genitals with his tongue--that
constituted two separate offenses.").
17. Appellant's acts occurred before the presentment or return of the indictment and within the statutory
limitation period. See Tex. Code Crim. Proc. Ann. art. 12.01 (Vernon 2005).