IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,210-01






EX PARTE D.J. LANINGHAM, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CM-05-400-1 IN THE 278TH JUDICIAL DISTRICT COURT


FROM LEON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to comply
with sex offender registration requirements and sentenced to ninety-nine years' imprisonment. The
Tenth Court of Appeals affirmed his conviction. Laningham v. State, No. 10-06-00099-CR (Tex.
App. - Waco, July 11, 2007, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel incorrectly advised Applicant that the State would be bound to prove that Applicant was not
in compliance with the sex offender reporting requirements on the specific date alleged in the
indictment. Applicant alleges that this incorrect advice caused him to reject a plea offer from the
State and pursue a jury trial on the charge. 

 This Court has remanded to the trial court twice to obtain affidavits from counsel, and the
trial court has obtained affidavits and made findings of fact and conclusions of law. Although the
affidavit provided by counsel on the second remand states that Applicant was advised of an offer
prior to trial and that Applicant refused the offer, the affidavit does not address the question of
whether Applicant's decision to refuse the offer was based on advice from counsel that the State
would not be able to prove that Applicant was required to register on the specific date alleged in the
indictment. Counsel also maintains that the date as alleged in the original indictment would have
provided a defense for Applicant, despite the "on or about" language in the indictment. See 

Sledge v. State, 953 S.W.2d 253, 258 (Tex. Crim. App. 1997). Although counsel states that
Applicant was present when the indictment was amended to allege a different date, the record
indicates that Applicant still believed on the date of trial that the State would be required to prove
that Applicant was required to register on the date alleged in the original indictment. 

 The record after remand does not contain any specific information regarding what offers were
made by the State prior to trial, and on what dates any such offers were made and rejected. The
record does not indicate whether there were any offers still open at the time the indictment was
amended to change the date of the offense. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall hold an evidentiary hearing to address the issues alleged by Applicant and not fully addressed
by this Court's prior remands. The trial court shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. At the hearing,
the trial prosecutor shall respond as to whether any pre-trial plea offers were made, and if so, what
the conditions of those offers were, and whether any offer was open when the indictment was
amended to change the offense date.

 The trial court shall make findings of fact as to whether Applicant was present at the time
the indictment was amended to change the date of the offense. The trial court shall also make
findings as to whether any plea offers were made by the State prior to trial, and if so, what the
specific dates and conditions of those offers were. If Applicant rejected any pre-trial offers made
by the State, the trial court shall make specific findings as to what advice counsel gave to Applicant
regarding such plea offers, and whether such advice was based on counsel's belief that the date
alleged in the original indictment provided a defense to the charges. The trial court shall make
findings as to whether Applicant would have accepted any offer made by the State prior to trial had
counsel not advised him that the date in the indictment provided a defense. The trial court shall make
findings as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from the hearing, along
with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this
Court within 120 days of the date of this order. Any extensions of time shall be obtained from this
Court. 




Filed: June 16, 2010

Do not publish