**Opinion issued March 13, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

## NO. 01-12-00397-CR
_____

**SERGIO IAN RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Court at Law No. 3**
**Brazoria County, Texas**
**Trial Court Case No. 185062**

---

## MEMORANDUM OPINION

Appellant, Sergio Ian Rodriguez, was charged by information with harassment.[1]   Appellant pleaded not guilty.   The jury found him guilty and assessed punishment at 180 days' confinement and a fine of $1,000.   The jury also

---

[1]   *See* TEX. PENAL CODE ANN. § 42.07(a)(7) (Vernon Supp. 2013).

recommended that the confinement and fine be suspended and that Appellant be placed on community supervision. The trial court followed the jury's recommendation on punishment. In one issue on appeal, Appellant argues that the evidence is insufficient to support his conviction.

We affirm.

## Background

Appellant's ex-wife, Nora, divorced him in April 2007. They had two children from the marriage, and Nora was designated as the primary conservator of the children. The parties had an acrimonious relationship at the time of the divorce.

Four years later, Appellant continued to use abusive, insulting, and vulgar language against Nora. From January 8, 2011 through January 18, 2011—one of the time periods focused on by the State— Appellant repeatedly sent Nora texts that called her vulgar and demeaning names. Some of the texts were sent at times of the night that Appellant knew Nora would be trying to sleep. Appellant regularly disparaged Nora's abilities and qualities as a mother, and made repeated crass sexual allegations. In one text sent on the anniversary of their wedding day, Appellant wrote, "Happy anniversary whore. You'll remember this day for a long time." Nora testified she understood that text as a threat and was concerned that Appellant would try to kill her. The evidence establishes that Nora repeatedly

2

asked Appellant to leave her alone in response to Appellant's texts. In response to one such text, Appellant wrote, "Jesus. How many final warnings do I get?"

The State also presented evidence of a chain of emails sent between Appellant and Nora in early February 2011. The email chain contained a particularly lengthy email from Appellant using similar vulgar and demeaning language. Nora again instructed Appellant to stop harassing her.

At trial, Appellant admitted that at least some of the things he wrote in the texts in question were "pretty offensive." He also admitted that, of the texts and emails admitted at trial, what Appellant said to Nora was disproportionate to anything she sent to him. Nevertheless, Appellant testified that the way he talked to her in the texts and emails was typical of how both of them would talk to each other. Appellant insisted that texts and emails from Nora from other time periods would have shown similarly abusive language. He also claimed that the abusive and vulgar texts he would send to her were part of his attempt to get her to leave him alone.

## Sufficiency of the Evidence

In his sole issue on appeal, Appellant argues the evidence is insufficient to support his conviction.

## A.    Standard of Review

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under a single standard of review. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (citing *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)). This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson,* 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton,* 235 S.W.3d at 778. Finally, the "cumulative force" of all the circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *See Powell v. State,* 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**B.    Analysis**

As it pertains to Appellant, a person commits harassment "if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person . . . sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another." Tex. Penal Code Ann. § 42.07(a)(7) (Vernon Supp. 2013). An electronic communication is "a

5

transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photo-optical system." *Id.* § 42.07(b)(1). Email is explicitly included in this definition. *Id.* § 42.07(b)(1)(A). We hold this also includes text messaging. *See id.* § 42.07(b)(1).

Appellant argues the evidence is insufficient to establish intent, to establish that the relevant acts occurred on the date alleged by the state, or to establish that the electronic communications he sent were repeated. We begin with Appellant's argument that there was insufficient evidence to establish that the relevant acts occurred on the date alleged by the state. As part of this argument, Appellant claims that the State was required to establish that he sent repeated communications on January 13, 2011, the date specified in the charging instrument. This is wrong.

The charging instrument filed against Appellant alleged that he sent repeated electronic communications "on or about the 13th day of January, 2011, and before the making and filing of this Complaint." The State is not required to allege a specific date in a charging instrument. *Sledge v. State*, 953 S.W.2d 253, 255 (Tex. Crim. App. 1997). "The primary purpose of specifying a date in the [charging instrument] is not to notify the accused of the date of the offense but rather to show that the prosecution is not barred by the statute of limitations." *Garcia v. State*,

6

981 S.W.2d 683, 686 (Tex. Crim. App. 1998). As a result, when the State alleges an offense was committed "on or about" a specific date, the State can "prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge*, 953 S.W.2d at 256. Accordingly, the State was not limited to establishing only that Appellant repeatedly sent electronic communications on January 13, 2011.

Next, Appellant argues that the evidence was insufficient to establish he sent electronic communications repeatedly because the messages were not close enough together in time. Appellant relies on *Blount v. State* for authority for this argument. 961 S.W.2d 282 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). In *Blount*, we considered whether "two calls in one night and two calls sometime during the month before" could be considered "repeated" under the statute.[2] *Id.* at 284. We held that, while these were not many calls, they were "sufficient evidence to support the finding of repeated calls." *Id.*

The evidence in this case shows Appellant sent Nora 59 texts over a nine-day period. While some of the texts, considered individually, likely would not be considered harassing, the cumulative force of the repeated texts is sufficient to

---

[2] *Blount* involved harassment through telephonic communications rather than through electronic communications. *See Blount v. State*, 961 S.W.2d 282 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); TEX. PENAL CODE ANN. § 42.07(a)(4), (7). Both subsections require the communication to be "repeated," however, and both use "repeated" in the same sense. Accordingly, we agree with the parties that *Blount* is on point for our analysis.

support the jury's determination that the harassing communications were made repeatedly. In that span of texts, Appellant called Nora a "whore" five times. Other texts contain descriptive language far more vulgar than that. Despite multiple texts from Nora telling him to stop texting vulgar messages to her, Appellant persisted.

A few days before this streak of texts, Appellant sent texts to Nora calling her a "whore" four times over a period of less than eight hours. The anniversary of their wedding day came a couple of days after the streak of texts. At 1:03 a.m. that morning, Appellant texted Nora, saying, "Happy anniversary whore. You'll remember this day for a long time." Less than a month later, Appellant sent Nora a particularly lengthy email filled with vulgar and demeaning language.

There is far greater evidence here of Appellant repeatedly sending harassing electronic communications than there was in *Blount*. *See id.* Accordingly, we hold there was sufficient evidence for the jury to determine that Appellant's harassing electronic communications were sent repeatedly.

Finally, we consider Appellant's argument that there is insufficient evidence of intent. In order to obtain a conviction, the State was required to prove that Appellant "inten[ded] to harass, annoy, alarm, abuse, torment, or embarrass" Nora. TEX. PENAL CODE ANN. § 42.07(a). Intent can be inferred from circumstantial evidence. *Blount*, 961 S.W.2d at 284. Here the jury had evidence of Appellant's

8

repeatedly sending Nora vulgar texts despite numerous demands that he stop. Appellant suggests that the evidence is insufficient to establish intent because he testified that this was just the way the both of them talked to each other. Appellant also testified, however, that at least some of the things he wrote in the texts in question were "pretty offensive" and that, of the texts and emails admitted at trial, what Appellant said to Nora was disproportionate to anything she sent to him.

The various evidence concerning intent was presented to the jury to consider. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789 (holding it is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"). Nothing prohibited the jury from resolving the evidence against Appellant on the issue of intent. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) ("As factfinder, the jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties."). Accordingly, we hold there is sufficient evidence in the record to support the jury's determination that Appellant acted with intent.

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).