**AFFIRMED and Opinion Filed October 30, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00843-CR**

**JOSE LEYVA SANTIBANEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-1875039-I**

# MEMORANDUM OPINION

Before Justices Bridges, Whitehill, and Schenck
Opinion by Justice Bridges

The State charged appellant Jose Leyva Santibanez with continuous sexual assault of a child. The jury found him guilty of the lesser-included offense of aggravated sexual assault of a child and sentenced him to thirty-five years' confinement. On appeal, he challenges the sufficiency of the evidence to support his conviction and the jury charge. We affirm the trial court's judgment.

**Background**

Appellant and Mother met in 2016. Mother introduced appellant to her daughter (the complainant), who was seven years old. The three spent a lot of time together before moving into an apartment around September of 2017.

Mother sometimes left complainant with appellant while she worked at the Courtyard by Marriott. However, on January 8, 2018, complainant accompanied Mother to work. Two hotel

employees, both familiar with Mother and complainant, noticed complainant looked sad, which was uncommon. Complainant usually happily talked to others and ran and jumped around the break room while Mother worked.

The women asked complainant why she looked sad and so tired, and complainant said she did not sleep well. She then said she did not like appellant because he touched her, but she did not provide any further information. The women did not remember the details of the conversation because "everybody was nervous and sad and crying."

The women waited until Mother returned to the break room to tell her. Unsure how to proceed with complainant's abuse allegations, they approached the assistant general manager. He called CPS to report the allegations and offered to house Mother and complainant at a sister property because they were afraid to go home.

The next day, the assistant general manager took Mother and complainant to the Children's Advocacy Center. Bernadette Martinez, a forensic interviewer with the Children's Advocacy Center, interviewed complainant on January 9, 2018. She was eight-years-old at that time. She told Martinez appellant did things she did not like, which included him touching her breast and vagina. She said it happened in the bedroom after Mother went to work. Every time it happened, appellant told her not to tell anyone.

The State indicted appellant for continuous sexual assault pursuant to penal code section 22.021(a)(1)(B)(i) for various sexual acts. The jury found appellant guilty of the lesser-included offense of aggravated sexual assault under section 22.021(a)(1)(B)(i). This appeal followed.

## Sufficiency of the evidence

In his first issue, appellant argues the evidence is insufficient to support his conviction because the State failed to prove any particular time appellant committed aggravated sexual assault, and complainant only testified in general terms about the allegations. The State admits

complainant could not provide specific dates of the sexual abuse; however, she testified in detail about the abuse and other witness testimony corroborated her allegations thereby providing sufficient evidence to support his conviction.

In determining the sufficiency of the evidence, the reviewing court considers the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). The jury is the sole judge of credibility and weight to attach to witness testimony. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

A person commits aggravated sexual assault of a child if a person intentionally or knowingly causes the penetration of the female organ of a child by any means, and the child is younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i). The testimony of a child victim alone is sufficient to support a conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd).

A rational jury could have found the essential elements of the crime beyond a reasonable doubt. Complainant's testimony supports the charge in the indictment, which tracked the statutory language of the penal code. *See* TEX. PENAL CODE ANN. § 22.021(a)(1). She described what appellant wore during the touching, how he touched her, and where in the bedroom it occurred. Her description of what happened did not need to be precise, and she was not expected to express herself at the same level of sophistication as an adult. *See Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi 2008, no pet.). "As long as a child communicates to the factfinder that the touching occurred on a part of the body within the definition of the statute, the evidence is sufficient." *Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also Lee*, 186 S.W.3d at 655 (child testimony alone is sufficient to support conviction).

In addition to complainant's testimony, the jury heard from Martinez, who said complainant described the abuse during the forensic interview. To the extent complainant gave conflicting testimony and repeatedly testified she could not remember certain details, the jury assessed her credibility and found in favor of the State. *See Jackson*, 443 U.S. at 319.

Appellant further challenges complainant's inability to provide temporal specificity of the sexual abuse. Nevertheless, appellant acknowledges the State is not required to allege a specific date in the indictment. *See Sledge v. State*, 953 S.W.2d 253, 255 (Tex. Crim. App. 1997) (en banc.). It is well-settled the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period. *Id*. at 256. Here, the indictment alleged appellant committed the sexual act "on or about the 19th day of November, 2017." The presentment date was February 15, 2018. There is no statute of limitations for aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(B). Therefore, the State was required to prove the sexual act occurred before February 15, 2018.

Martinez explained to the jury that children struggle to pinpoint exact dates. Instead of asking date and time questions, she sometimes uses holidays, such as Halloween, Thanksgiving, and Christmas to find out if the abuse happened before or after a holiday.

During the forensic interview, complainant said appellant touched her during Christmas break and before Halloween. Complainant lived with appellant during this time, and Mother recalled leaving complainant with appellant around October 31, 2017. Although complainant could not provide specific incidents and dates, Martinez established a timeline by asking complainant her age when the abuse started (she said seven) and ended (she said eight). Complainant turned eight on December 12, 2017. The State asked Martinez, "So just to be clear, that the time span that she gave you was some time before Halloween and sometime during the

Christmas break?" and Martinez answered, "Correct." Thus, viewed in the light most favorable to the verdict, a rational jury could have found appellant abused complainant prior to presentment of the indictment and within the statute of limitations.

Our duty is to ensure the evidence presented supports a conclusion that appellant committed aggravated sexual assault of a child. The record contains such evidence and "was not a determination so outrageous that no rational trier of fact could agree." *Smith*, 2019 WL 1615353, at \*7 (quoting *Wirth v. State*, 361 S.W.3d 694, 698 (Tex. Crim. App. 2012)). Appellant's first issue is overruled.

### Amended Indictment

In his second issue, appellant argues the trial court erred by instructing the jury on a theory of sexual abuse not alleged in the amended indictment, and he was egregiously harmed by the jury's consideration of the improperly included offense. The State responds it effectively amended the indictment to include the offense of contact under section 22.021(a)(1)(B)(iv), but regardless, error, if any, is harmless because the jury did not convict appellant of that offense.

Assuming without deciding that the State's amendment was not effective, appellant cannot show harm by the jury charge's inclusion of the section 22.021(a)(1)(B)(iv) allegation. Appellant did not object to the charge at trial; therefore, reversal is required only if the alleged error caused egregious harm. *See Dolkart v. State*, 197 S.W.3d 887, 893 (Tex. App.—Dallas 2006, pet. ref'd). Errors that result in egregious harm are those that "affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (en banc). However, under this standard, the record must show the defendant suffered actual, rather than merely theoretical, harm from jury charge error. *See Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005).

Appellant asserts he suffered egregious harm because (1) the charge incorrectly left the jury with the impression it could convict under section 22.021(a)(1)(B)(iv); (2) the State informed the jury during voir dire that act was a part of its case for continuous sexual assault; (3) the State referenced section 22.021(a)(1)(B)(iv) contact during closing; and (4) the State's evidence supporting section 22.021(a)(1)(B)(i) was weak.  However, the jury did not find appellant guilty of aggravated sexual assault of a child under section 22.021(a)(1)(B)(iv).  Accordingly, appellant failed to establish he suffered any actual, rather than merely theoretical, harm.  "Egregious harm" is a high and difficult standard to meet.  *See Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015).  Appellant has failed to meet this high standard.  We overrule appellant's second issue.

## Conclusion

The judgment of the trial court is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180843f.u05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JOSE LEYVA SANTIBANEZ, Appellant

No. 05-18-00843-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F-1875039-I.
Opinion delivered by Justice Bridges.
Justices Whitehill and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 30, 2019