**AFFIRMED as MODIFIED and Opinion Filed June 24, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00451-CR

**WILLIAM THOMAS CRUZE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F22-00055-T**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Reichek

Following a jury trial, appellant William Thomas Cruze appeals his conviction for indecency with a child by sexual contact. He contends the evidence is legally insufficient to prove he committed the offense. In a cross issue, the State asks us to make two modifications to the judgment. As modified, we affirm.

### Background

The complainant in this case is A.S. In 2009, when A.S. was 7 years' old, her mother Renee and youngest sister died in a car accident. The family struggled after the accident, and from October 2011 to August 2015, A.S., her sister E.S., and her

brother went to live with Robyn Cruze and appellant. Robyn is Renee's adoptive mother and A.S.'s biological great aunt. Robyn is married to appellant, and A.S. called him "grandpa." In 2017, when A.S. was back living with her father and his new wife, the stepmother noticed E.S. watching a suggestive cartoon which led to both girls' making outcries about appellant's behavior.

Appellant was charged with continuous sexual abuse of A.S. and E.S., and the cases were tried jointly. The indictment charging appellant with continuous sexual abuse of A.S. alleged that on or about May 1, 2015, he intentionally and knowingly, during a period that was 30 or more days in duration, when he was 17 years of age or older, committed two or more acts of sexual abuse against A.S., a child younger than 14 years of age. Four predicate acts of sexual abuse were alleged—penetration of A.S.'s sexual organ by appellant's finger, contact between appellant's mouth and A.S.'s sexual organ, contact between A.S.'s mouth and appellant's sexual organ, and contact between A.S.'s hand and appellant's sexual organ.

A.S., who was twenty at the time of trial in 2022, testified things were normal the first year she lived with Robyn and appellant. After that, appellant began asking her to take nude pictures of herself on his phone and progressed to doing more uncomfortable things. A.S. and E.S. shared a room at appellant and Robyn's house. They had bunk beds, and A.S. slept in the bottom bunk. Appellant started out by lying in bed with her and rubbing her back, but as time went on he engaged in various sexual acts. One of the things appellant made A.S. do was touch his penis. A.S.

–2–

stated, "He grabbed my hand and put it on it and showed me how to move it up and down." Appellant's hand was on top of her hand as it touched his penis. She could not remember how many times appellant made her touch his genitals, but it happened more than once. A.S. indicated that it happened "pretty regularly," but not as regularly as other sexual acts.

Appellant's witnesses included his wife Robyn and his daughter Britanie. Britanie lived in appellant's house with A.S. and E.S. from 2011 to 2013. Britanie had one child when she moved in and her second child was born in 2012. She testified the house was "crazy and loud and there were kids everywhere." She said there was never quiet time or private time. On cross-examination, Britanie admitted she was using methamphetamine while she lived in the house. Robyn testified that their household had an open door policy for the children living there. Any time the children were in their rooms, the door was to be left open unless they were changing clothes. Appellant would sometimes rub the girls' backs at bedtime to help them fall asleep, but he was not in their room for long.

The jury charge gave the jury the option to find appellant guilty of continuous sexual abuse of A.S. as charged in the indictment, guilty of the lesser included offenses of aggravated sexual assault of a child or indecency with a child, or not guilty. The charge instructed the jury to find appellant guilty of indecency with a child if it unanimously found beyond a reasonable doubt that he intentionally or knowingly engaged in sexual contact with A.S. by causing contact between her hand

and his genitals with intent to gratify his sexual desire. The jury found appellant guilty of indecency with a child, and the trial judge assessed his punishment at 17 years' confinement. The jury found appellant not guilty of the charges involving E.S.

## Sufficiency of the Evidence

In his sole issue on appeal, appellant asserts the evidence is legally insufficient to support his conviction for several reasons. He suggests that because the jury rejected the more serious charges against him and acquitted him in the case involving E.S., it reached the verdict as a compromise. In addition, he contends A.S.'s testimony was "bereft of details." Because the State was focused on proving continuous sexual abuse, he argues, it never focused on any specific acts constituting indecency and did not prove the time or place of the indecency. He also points to the lack of medical or scientific evidence and argues A.S.'s statements to the forensic interviewer, who testified about the interview, were vague. Finally, he asserts there was no evidence of his intent to gratify his sexual desire.

A person commits indecency with a child if he engages in sexual contact with a child younger than 17 years of age or causes the child to engage in sexual contact. TEX. PENAL CODE ANN. § 21.11(a). "Sexual contact" includes any touching of any part of the body of a child with the person's genitals if committed with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(2).

–4–

In assessing the sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 243, 243–44 (Tex. Crim. App. 2019). The factfinder may choose to believe all or any part of any witness's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The *Jackson* standard gives full play to the responsibility of the factfinder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). An appellate court cannot act as a thirteenth juror and make its own assessment of the evidence. *Id.* "A court's role on appeal is restricted to guarding against the rare occurrence when the factfinder does not act rationally." *Id.*

A child victim's testimony alone is sufficient to support a conviction for indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.07; *Keller v. State*, 604 S.W.3d 214, 226 (Tex. App.—Dallas 2020, pet. ref'd). In the context of indecency with a child, the finder of fact can infer the requisite intent to arouse or gratify sexual desire from a defendant's conduct, remarks, and all the surrounding circumstances. *Keller*, 604 S.W.3d at 226. No oral expression of intent or visible evidence of sexual arousal is necessary. *Id.*

We disagree with appellant that A.S. did not provide sufficient details to establish the elements of indecency. A.S. testified that on multiple occasions, in her bed at his house, appellant forced her to touch his penis with her hand and move her hand up and down. The jury was free to believe this testimony even though it did not credit A.S.'s testimony about other acts of sexual abuse. Further, from A.S.'s testimony, the jury could infer appellant's intent to arouse or gratify his sexual desire. No medical, scientific, or physical evidence was required to prove appellant's guilt.

Regarding appellant's assertion that the State failed to prove when the offense occurred, the State was not required to prove the exact date of the indecency. It was required to prove the offense occurred prior to the presentment of the indictment and within the limitations period. *Sledge v. State*, 953 S.W.2d 253, 255–56 (Tex. Crim. App. 1997); *see* TEX. CODE CRIM. PROC. ANN. art. 21.02(6). There is no limitations period for indecency with a child, *see* TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(E), and the evidence showed the offense was committed during the time A.S. lived with appellant from 2011 to 2015, prior to presentment of the indictment.

Finally, there is nothing in the record to support the idea that the jury reached a "compromise verdict." The jury was instructed that it was required to find appellant not guilty unless it found from the evidence beyond a reasonable doubt that he was guilty of the charged offense or one of the lesser included offenses. Absent evidence to the contrary, we must presume the jury followed the trial court's

instructions.  *See Costilla v. State*, 650 S.W.3d 201, 213–14 (Tex. App.—Houston [1st Dist.] 2021, no pet.).  Viewing the evidence in the light most favorable to the verdict, a rational factfinder could have found the essential elements of indecency with a child by contact beyond a reasonable doubt.  We overrule appellant's sole issue.

### Modification of the Judgment

In a cross issue, the State asks the Court to modify the judgment to comply with article 42.01 of the code of criminal procedure.  Article 42.01 provides that in the event of a conviction of an offense for which registration as a sex offender is required under Chapter 62, the judgment must include a statement that the registration requirement of that chapter applies to the defendant and a statement of the age of the victim of the offense.  TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(27).  Indecency with a child by contact is subject to sex offender registration requirements.  *See id.* art. 62.001(5)(A).  The judgment in this case, however, does not state that appellant is required to register as a sex offender or indicate the age of the victim.

The State requests that we modify the judgment to state that the victim's age was "less than 14 years old."  We agree that this appropriate.  *See Vasquez v. State*, No. 05-20-00116-CR, 2022 WL 2951667, at *8 (Tex. App.—Dallas July 26, 2022, pet. ref'd) (mem. op., not designated for publication) (statement that victim's age at time of offense was "less than 14 years" constitutes statement of age of victim as

required by article 42.01). The record does not reflect A.S.'s exact age at the time of the offense, but it occurred while she lived with appellant. She moved out in August 2015 when she was 13 years' old.

We also make one more modification on our own motion. Indecency with a child by contact is a sexually violent offense when committed by a person 17 years of age or older. TEX. CODE CRIM. PROC. ANN. art. 62.001(6)(A). In the trial of a sexually violent offense, the judge shall make an affirmative finding of fact and enter the affirmative finding in the judgment if the judge determines that the victim or intended victim was younger than 14 years of age at the time of the offense. *Id.* art. 42.015(b). The judgment for a sexually violent offense should reflect this finding in addition to any required statement of the victim's age for registrable offenses. *Decker v. State*, No. 05-18-01259-CR, 2020 WL 614100, at *5 (Tex. App.—Dallas Feb. 10, 2020, no pet.) (mem. op., not designated for publication); *see Lopez v. State*, No. 05-22-01222-CR, 2024 WL 1154143, at *5–6 (Tex. App.—Dallas Mar. 18, 2024, pet. ref'd) (mem. op., not designated for publication).

We have the power to modify a judgment to speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). We sustain the State's cross issue and modify the judgment in this case to show that the sex offender registration requirements apply and that the age of the victim at the time of the offense was less

than 14 years' old. In addition, we modify the special findings portion of the judgment to include an affirmative finding that the victim or intended victim was younger than 14 years of age at the time of the offense.

As modified, we affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish.
TEX. R. APP. P. 47.2(b).
230451F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM THOMAS CRUZE, Appellant

No. 05-23-00451-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F22-00055-T. Opinion delivered by Justice Reichek. Justices Goldstein and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

In the checkbox next to the phrase "Defendant is required to register as a sex offender in accordance with Chapter 62, CCP," we **INSERT** an "X";

Next to the phrase "The age of the victim at the time of the offense was," we **REMOVE** "N/A" and **INSERT** "less than fourteen years of age" in its place; and

We **INSERT** the following "Special Finding": "The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 24th day of June, 2024.