**Affirmed and Opinion Filed July 23, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01237-CR

**ALAN FREDERICK BEARDEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 19-40112-86-F**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Partida-Kipness

A jury found Appellant Alan Fredrick Bearden guilty of continuous sexual abuse of a child and assessed punishment at life imprisonment. The trial court entered judgment in accordance with the jury's verdict. Bearden brings two issues on appeal: (1) the evidence is insufficient to support the verdict; and (2) the trial court committed reversible error by submitting an erroneous definition of "sexual contact" in the jury charge. We affirm.

# BACKGROUND[1]

The complaining witness Charlotte lived across the street from Bearden in the Heartland area of Kaufman County. When Charlotte was in fourth grade, she befriended Bearden's granddaughter, Emily, who often visited Bearden at his home. Because of this friendship with Emily, Charlotte began spending significant time at Bearden's home, sometimes sleeping over when Emily was there.

When Charlotte was in fourth or fifth grade and about ten years old, Bearden began sexually abusing her. Bearden would often touch Charlotte's inner thigh, then move up and touch her vagina. This occurred in various locales. On one instance, Charlotte was sitting on a couch in the garage with Bearden next to her. While Charlotte was using a computer tablet, Bearden put his hand under her pants and underwear and touched her vagina. This happened again on numerous occasions. Charlotte also described how Bearden would allow Charlotte to drive a golf cart in the neighborhood. While Charlotte drove, Bearden sat next to her, put his hand under her pants, and began touching her vagina.

Bearden, Emily, and Charlotte would often sleep in the same bed. Emily's grandmother (Nana) would sleep in the master bedroom, while Bearden and the girls usually slept in a back bedroom separate from Nana. While in this separate bedroom, Bearden touched Charlotte's vagina on repeated occasions. After Nana died in June

---

[1] We use the pseudonyms given at trial to protect the identity of the complaining witness and another child victim.

2016, Bearden moved into the master bedroom, where the sexual abuse continued. According to Charlotte, Bearden touched her vagina countless times from the time Charlotte was ten to fourteen years old. On several instances, Bearden penetrated Charlotte's vagina with his fingers. Occasionally, Bearden put Charlotte's hand on his penis and encouraged her to touch him more. Bearden also touched Emily's breast, buttocks, and vagina on many occasions.

In October 2017—when Charlotte was twelve years old—she, Emily, and Bearden went to Town East Mall. A mall patron alerted security after observing Bearden's behavior with the girls. A security officer then observed Bearden and noticed him invading their personal space, stroking Charlotte's hair, and appearing to touch Charlotte's leg while the girls were seated in massage chairs. The officer approached Bearden to investigate. Bearden became defensive and denied any wrongdoing. The officers called Charlotte's and Emily's parents. Charlotte's mother picked Charlotte up from the mall. After the incident, Charlotte's parents forbade her from going into Bearden's house. However, Charlotte continued to visit the Bearden residence, and the sexual abuse continued after the Town East Mall incident.

In May 2019—when Charlotte was fourteen years old—her parents discovered her in possession of an Apple watch. Upon investigation, they discovered Bearden had purchased the watch for Charlotte at her insistence. Upon further questioning by her mother, Charlotte stated Bearden had touched her. Charlotte's

parents called police, and Charlotte was interviewed by a forensic examiner with the Kaufman County Children's Advocacy Center. During the interview, Charlotte described the sexual abuse she had experienced from ages ten to fourteen at the hands of Bearden. Emily was also forensically interviewed, but she denied any abuse. However, after later therapy sessions, Emily disclosed sexual abuse by Bearden.

Bearden was arrested and charged with continuous sexual abuse of a child. The case proceeded to trial. The State's case-in-chief included testimony from Charlotte, Emily, the forensic examiner, investigators, Charlotte's mother, one of Bearden's neighbors, and Emily's therapist. Bearden testified in his defense and denied the accusations. The defense also offered testimony from the forensic examiner and several of Bearden's other granddaughters.

The jury found Bearden guilty of continuous sexual abuse of a child as charged in the indictment and assessed punishment at life in prison. The trial court entered judgment in accordance with the jury's verdict. This appeal followed.

## STANDARD OF REVIEW

In determining whether the evidence is sufficient to support a conviction, we must consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014).

This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979)). When facts support conflicting inferences, the reviewing court must presume the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution. *Id.* (citations omitted). We defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).

## ANALYSIS

In two issues, Bearden asserts (1) the evidence was insufficient to support his conviction for continuous sexual abuse of a child; and (2) the trial court committed reversible error by submitting an erroneous definition of "sexual contact" in the jury charge. We address each issue in turn.

## I. The Evidence Is Sufficient To Support Bearden's Conviction

In his first issue, Bearden asserts the evidence is insufficient to support his conviction for continuous sexual abuse of a child. We disagree.

### A. Legal standards—continuous sexual abuse of a child

A person commits the offense of continuous sexual abuse of a child if, during a period that is thirty or more days in duration, he commits two or more acts of sexual

abuse and, at the time of the commission of each act, he is seventeen years of age or older and the victim is a child younger than fourteen. TEX. PENAL CODE § 21.02(b).

Relevant here, an "act of sexual abuse" means an act of indecency with a child by contact, or sexual assault. *Id.* § 21.02(c)(2)–(3). A person commits indecency with a child by contact if, with a child younger than seventeen years of age, that person engages in sexual contact with the child. *Id.* § 21.11(a)(1). Generally, "sexual contact" means, with the intent to arouse or gratify the sexual desire of any person, any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child. *Id.* § 21.11(c)(1). However, continuous sexual abuse of a child pursuant to indecency with a child excludes "touching through clothing, the breast of a child." *Id.* § 21.02(c)(2).

A person commits the offense of sexual assault of a child if, regardless of whether the person knows the age of the child at the time of the offense, he intentionally or knowingly causes the penetration of the sexual organ of a child by any means. *Id.* § 22.011(a)(2)(A).

The exact dates of the abuse need not be proven; the offense of continuous sexual abuse of a child only requires proof that two or more acts of sexual abuse occurred during a period of thirty days or more. *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet); TEX. PENAL CODE § 21.02(d) (jury not required to unanimously agree on which specific acts of sexual abuse were committed by defendant or exact dates when those acts occurred, but jury must agree

unanimously that defendant, during period of thirty or more days, committed two or more acts of sexual abuse). Additionally, child victims are not required to be specific about the dates the abuse occurred. *Turner v. State*, No. 05-21-00922-CR, 2023 WL 3991662, at *3 (Tex. App.—Dallas June 14, 2023, pet. denied) (mem. op., not designated for publication). The testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. *Garner*, 523 S.W.3d at 271 (citing TEX. CODE CRIM. PROC. art. 38.07(a)).

## B. Application

Here, the indictment alleged that during a period thirty or more days in duration, from approximately August 1, 2014 to December 26, 2018, Bearden committed two or more acts of sexual abuse, specifically: (1) touching Charlotte's genitals; (2) causing Charlotte to touch Bearden's genitals; and/or (3) penetrating Charlotte's sexual organ with his finger. The State's evidence in support of the charges came primarily from the testimony of Charlotte, Emily, and forensic examiner Ramirez.

Charlotte testified Bearden touched her vagina on numerous occasions when she was between ten and fourteen years old. She described a time where she and Bearden were sitting on a couch in the garage, looking at a computer tablet. Bearden put his hand under her pants and underwear and touched her vagina. Charlotte stated this happened on numerous occasions, whenever they were on that couch. Charlotte further described an occasion where Bearden touched Charlotte's vagina while she

–7–

was driving a golf cart and Bearden was next to her. Charlotte testified Bearden also touched her vagina while in one or more bedrooms of Bearden's house, and sometimes Bearden would penetrate Charlotte's vagina with his finger. Charlotte also described how Bearden had her touch his penis on a few occasions. The abuse occurred both before and after Nana's death in 2016. Charlotte also stated abuse occurred both before and after the Town East Mall incident in 2017.

Emily testified she witnessed Bearden touch Charlotte's (and Emily's) vagina on multiple occasions, both before and after Nana's death. Forensic examiner Ramirez testified Charlotte told her Bearden had sexually abused Charlotte over a period of time when she was under fourteen years old. Charlotte told Ramirez Bearden had touched her "girl part" ten or fifteen times.

In sum, the jury heard testimony that between the time Charlotte was ten and fourteen years old (1) Bearden touched her genitals on multiple occasions; (2) Bearden caused Charlotte to touch his genitals; and (3) Bearden penetrated Charlotte's sexual organ with his finger. Charlotte's testimony alone is sufficient to support Bearden's conviction for continuous sexual abuse of a child, and other witnesses corroborated Charlotte's allegations. *Garner*, 523 S.W.3d at 271; TEX. CODE CRIM. PROC. art. 38.07(a); TEX. PENAL CODE §§ 21.02(b), (c)(2)–(3), 21.11(a)(1), (c)(1), 22.011(a)(2)(A).[2]

---

[2] Trial testimony established Bearden was well above seventeen years of age at the time of the incidents, and Bearden does not challenge this element of the crime.

Bearden asserts the State did not prove two or more acts of sexual abuse occurred over a period of thirty days. Bearden complains Charlotte made only "vague references" to "touching." However, Bearden acknowledges Charlotte testified he touched her vagina on several instances, as discussed above. These acts support a conviction for continuous sexual abuse of a child. *See* TEX. PENAL CODE §§ 21.02(b), (c)(2), 21.11(a)(1), (c)(1).

Bearden also complains Charlotte did not provide specificity regarding the timing of the acts. While Charlotte did not give specific dates for the acts, this was not required. *Turner*, 2023 WL 3991662, at *3. It is not often that children will know, even within a few days, the dates they were sexually assaulted. *Sledge v. State*, 953 S.W.2d 253, 256 n.8 (Tex. Crim. App. 1997); *Montero v. State*, No. 05-18-01281-CR, 2019 WL 3229170, at *2 (Tex. App.—Dallas July 18, 2019, no pet.) (mem. op., not designated for publication). Furthermore, when an indictment alleges an offense occurred "on or about" a certain date, the State is not required to prove the offense occurred on the specific date alleged, but only that the offense occurred prior to the presentment of the indictment and within the limitations period. *Sledge*, 953 S.W.2d at 255–56; *see* TEX. CODE CRIM. PROC. art. 21.02(6).

Here, the indictment alleged that during a period thirty or more days in duration, from approximately August 1, 2014 to December 26, 2018, Bearden committed two or more acts of sexual abuse. As discussed above, witness testimony supports Bearden sexually abused Charlotte on multiple occasions during this

timeframe, when Charlotte was between the ages of ten and fourteen. Charlotte testified the sexual abuse occurred prior to Nana's death (June 2016) and after the Town East Mall incident (October 2017). This necessarily entails two acts of sexual abuse during a period of thirty days or more. *See Turner*, 2023 WL 3991662, at *3. (children's testimony that defendant committed multiple acts of sexual abuse when they were between twelve and fourteen years old sufficient to support conviction for continuous sexual abuse of a child); *Montero*, 2019 WL 3229170, at *2–4 (evidence sufficient where victim testified sexual abuse occurred when she was eight years old and occurred two to three times a week until she was twelve); *Michell v. State*, 381 S.W.3d 554, 561 (Tex. App.—Eastland 2012, no pet.) (evidence sufficient to support the conviction for continuous sexual abuse of a child; while child victim could not give specific dates, she described instances of sexual abuse occurring over several years and gave details of where the abuse took place, the school grade, or season of the year).

The jury had sufficient evidence to conclude Bearden sexually abused Charlotte on at least two occasions thirty or more days apart, when Charlotte was between ten and fourteen years of age. The jury acts as the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Winfrey*, 393 S.W.3d at 768. We defer to their finding and determine the evidence was sufficient to prove Bearden committed continuous sexual abuse of a child as charged in the indictment. We overrule Bearden's first issue.

## II.     Jury Charge

In his second issue, Bearden contends the trial court reversibly erred by submitting an incorrect definition of "sexual contact" in the jury charge. We disagree.

Our first duty in analyzing a jury-charge issue is to decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Then, if we find error, we analyze that error for harm. *Id.* The degree of harm necessary for reversal depends on whether the appellant preserved the error by objection. *Id.* Jury charge error requires reversal when the defendant has properly objected to the charge and we find "some harm" to his rights. *Id.* When the defendant fails to object or states he has no objection to the charge, we will not reverse for jury charge error unless the record shows "egregious harm" to the defendant. *Id.* at 743-44.

Egregious harm exists if the error affects the very basis of the defendant's case, deprives him of a valuable right, or vitally affects a defensive theory. *Lozano v. State*, 636 S.W.3d 25, 29 (Tex. Crim. App. 2021) (citing *Ngo*, 175 S.W.3d at 750). To determine if the jury charge egregiously harmed the defendant, we examine the record as a whole, including the entire jury charge, the evidence, the contested issues, and the arguments of counsel, and anything else in the record that informs our analysis. *Id.* The record must show the defendant suffered actual harm, not theoretical harm, and neither party has burden to show harm. *Id.* Egregious harm is

a "high and difficult standard" to meet. *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015).

Here, Bearden asserts the abstract portion of the jury charge included the full statutory definition of indecency with a child, including touching the child's breast. *See* TEX. PENAL CODE § 21.11(c)(1). Because the offense of continuous sexual abuse of a child excludes touching of the breast of a child, Bearden asserts the inclusion of this definition constituted reversible error. *See id.* § 21.02(c)(2). We assume the inclusion of the full statutory definition was error. However, Bearden did not object to the jury charge. Therefore, we will not reverse for jury-charge error unless the record shows "egregious harm." *Ngo*, 175 S.W.3d at 743-44.

Our Court of Criminal Appeals has stated: "Where the application paragraph of the charge correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999); *see also Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012) ("It is the application paragraph of the charge, not the abstract portion, that authorizes a conviction.").

Here, while the abstract portion of the jury charge contained the full statutory definition of indecency with a child, including touching the child's breast, the application portion of the charge did not allow the jury to convict Bearden for touching Charlotte's breast. Instead, the application portion required the jury to find Bearden committed two or more of the following acts of sexual abuse: (1) touching

–12–

Charlotte's genitals; (2) causing Charlotte to touch Bearden's genitals; or (3) penetrating Charlotte's sexual organ. The application portion of the charge thus correctly instructed the jury on the acts of sexual abuse necessary to find Bearden guilty of continuous sexual abuse of a child. *See* TEX. PENAL CODE §§ 21.02(b)(1), (c)(2)–(3), 21.11(a)(1), (c)(1)–(2), 22.011(a)(2)(A). Furthermore, the application paragraphs mirrored the indictment, and sufficient trial evidence supported Bearden committed each of these types of acts, as discussed above. Any error in the abstract portion of the charge does not constitute egregious harm. *Medina*, 7 S.W.3d at 640. We overrule Bearden's second issue.

## CONCLUSION

The evidence is sufficient to support Bearden's conviction for continuous sexual abuse of a child. Furthermore, even if jury charge's abstract instruction on "sexual contact" was erroneous, there is no egregious harm where the application paragraph correctly instructed the jury on the elements necessary to convict Bearden of continuous sexual abuse of a child. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
221237F.U05

–13–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ALAN FREDERICK BEARDEN,
Appellant

No. 05-22-01237-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial
District Court, Kaufman County,
Texas
Trial Court Cause No. 19-40112-86-
F.
Opinion delivered by Justice Partida-
Kipness. Justices Pedersen, III and
Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 23rd day of July, 2024.